■ In the Matter of the Arbitration between RITCHIE BUILDING COMPANY, INC., Respondent, and RICHARD L. ROSENTHAL, Appellant.— Order entered May 26, 1959, as resettled by order entered June 23, 1959, confirming the arbitrators' award and denying the cross motion to vacate the award unanimously modified on the law and on the facts, without costs, to the extent of remitting the matter to the arbitrators for the limited purpose of clarifying the award. The judgment entered upon said order is vacated. The arbitrators' award must be a complete determination of the issues presented. While this award appears to be complete on its face the affidavits submitted on these motions to confirm and vacate clearly indicate that it is not. Specific reference is made to the matter of the mechanics' liens. That the matter of the mechanics' liens was considered by the arbitrators is clear from the record. In fact, the respondent, Ritchie Building Company, Inc., itself discussed such subject in its memorandum submitted to the arbitrators. In urging that the arbitrators award it the sum of $31,189.73, it stated that from such sum it would pay the subcontractors and thus free the appellant's property from the liens. Moreover, it appears that there were other references to the mechanics' liens made during the hearings. However, it is impossible to determine whether it was the intention of the arbitrators that the sum awarded be used toward the satisfaction of the liens or whether the respondent was to take such sum free and clear of any such obligation. From the expression of intention made by the respondent it would seem that the respondent contemplated an obligation to apply the proceeds of the award to the payment of the liens. And indeed, upon argument of this appeal the impression the respondent gave was to the same effect. However, the award itself does not dispose of that issue nor does it indicate the intention of the arbitrators with respect to it. It therefore is necessary that the matter be remitted to the arbitrators for the purpose of clarifying the award so as to indicate their disposition with respect to that issue. Accordingly, the proceeding is remitted to the arbitrators for such limited purpose. Settle order. Concur — Botein, P. J., Rabin, M. M. Frank, McNally and Stevens, JJ.

■ ROSEANN BASIL, Plaintiff, v. CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Appellant. RUSS REALTY CORPORATION, Third-Party Defendant-Respondent.— Determination of the Appellate Term unanimously affirming a judgment of the City Court, Bronx County, dismissing the third-party complaint herein at the close of the entire case is unanimously reversed, on the facts and on the law, so as to grant third-party plaintiff judgment over against third-party defendant in the sum of $1,250, with costs (see *Condon* v. *Arata*, 302 N. Y. 579). Because of the manner in which the stone copings bordered the portion of the sidewalk area where the accident occurred, there is little likelihood that a member of the public would traverse that part of the sidewalk if he were not entering or leaving defendant's building. Concur — Botein, P. J., Breitel, Rabin, Valente and Stevens, JJ.