■ In the Matter of JEFFREY SCOTT, Respondent, v BRIDGE

CHRYSLER PLYMOUTH, INC., Appellant. [625 NYS2d 266] —In a proceeding to vacate an arbitration award dated April 14, 1993, which denied the petitioner damages based upon a prior arbitration award dated June 25, 1991, finding he had been wrongfully discharged and directing his reinstatement with back pay, Bridge Chrysler Plymouth, Inc., appeals from an order of the Supreme Court, Suffolk County (Leis, J.), dated November 29, 1993, which vacated the arbitration award dated April 14, 1993, and directed the parties to proceed to arbitration before a different arbitrator.

Ordered that the order is affirmed, with costs.

The petitioner was formerly an employee of the appellant. On November 13, 1990, the appellant discharged him. Pursuant to the collective bargaining agreement between the petitioner's union and the appellant, the question of whether the petitioner was wrongfully discharged was submitted to arbitration. In an award dated June 25, 1991, an arbitrator found that the petitioner had been wrongfully discharged, and directed his reinstatement with back pay. The Supreme Court, Suffolk County, confirmed that award by an order dated December 9, 1992. However, the parties could not agree on damages, so the question of "remedy and damages" was submitted to a second arbitrator.

The second arbitrator, in an arbitration award dated April 14, 1993, stated that the issue before him was "remedy and damages, if any, to which the [petitioner] is entitled *after* prior arbitration award of full back pay and reinstatement" (emphasis supplied), and incorrectly stated that the first arbitrator had awarded the petitioner $65,000. The second arbitrator declined to award the petitioner any relief. The petitioner moved to vacate that award. In the order appealed from, the vacatur was granted, on the ground that the second arbitrator "exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made, pursuant to CPLR 7511 (b) (1) (iii)".

In *Matter of Guetta (Raxon Fabrics Corp.)* (123 AD2d 40, 45), the Appellate Division, First Department, noted that: "a distinction must be drawn between an arbitrator's failure, on the one hand, to dispose of the controversy submitted * * * and his failure, on the other, to consider all of the issues of fact and law that a court would have to consider in order to properly dispose of the same controversy * * * The former renders an award not final and definite, and thus subject to

vacatur under CPLR 7511 (b) (1) (iii); the latter amounts to a mere error of fact or law not judicially reviewable".

In this case, the second arbitrator assumed that the petitioner had already been awarded $65,000 by the first arbitrator. Further, the second arbitrator assumed that the controversy submitted to him was limited to damages incurred *after* the first arbitration award on June 25, 1991, and whether additional remedies should be imposed. This error constituted a failure to dispose of the controversy submitted, warranting vacatur of the arbitration award.

The parties' remaining contentions need not be addressed, or should be left to the new arbitrator. Balletta, J. P., Ritter, Altman and Goldstein, JJ., concur.