■ HAMILTON PARTNERS LIMITED et al., Appellants, v JONATHAN SINGER, Respondent. [736 NYS2d 219] —Order, Supreme Court, New York County (Joan Madden, J.), entered April 24, 2001, which, upon the parties' respective motions to confirm and vacate an arbitration award, remanded the matter to the arbitrators for clarification, unanimously affirmed, with costs.

This Court has recognized the authority of a court, before which there is a petition to confirm or to vacate an arbitration award, to remand the matter to the arbitration panel when the panel's award does not dispose of a particular issue raised by the parties or indicate the panel's intention with respect to it (*see, Matter of Ritchie Bldg. Co. [Rosenthal]*, 9 AD2d 880), or when the award is ambiguous and not sufficiently explicit, since a court may not impose its own interpretation of the award (*see, Matter of Jolson [Forest Labs.]*, 15 AD2d 901). Here, the award is not only ambiguous as to the intent of the panel, but also fails to address and dispose of the issues raised by the parties or to make any specific findings of fact or credibility. Given the diametrically opposed positions of the parties, the

award, which apparently denied both sets of claims on the merits, cannot be harmonized or interpreted without speculation as to the panel's intent.

Contrary to petitioners' contention, the panel's treatment of the Form U-5 did not resolve the issue as to whether respondent was terminated for cause. Even if this Court were to adopt petitioners' reasoning that the panel's intent to find respondent's discharge justified can be inferred from its treatment of the form, such an inference would not ultimately be tenable in light of the panel's evidently contradictory coincident denial of petitioners' claims. Accordingly, Supreme Court properly exercised its discretion in remanding for clarification as to the intent of the panel. Concur—Williams, J.P., Tom, Rosenberger, Wallach and Marlow, JJ.