■ CAROLE A. PAPAPIETRO, Respondent, v POLLACK & KOTLER et al., Appellants. [781 NYS2d 42]—

In an action, inter alia, to vacate a confession of judgment in which the parties were directed to submit to arbitration the defendants' claim for legal fees for services rendered to the plaintiff in a matrimonial action, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated July 21, 2003, as denied their motion to confirm an arbitration award and as granted that branch of the plaintiff's cross motion which was to vacate the arbitration award.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the defendants' assertions, the Supreme Court correctly determined that the arbitration panel's award for attorneys fees was not a "final and definite award," and therefore vacatur of the award was warranted pursuant to CPLR 7511 (b) (1) (iii). The panel expressly stated that it did not consider the "issue of the confession of judgment," which it deemed to be

pending before the Supreme Court. However, a determination of whether the defendants were entitled to an award for attorneys fees cannot be made, in this instance, without considering whether they violated 22 NYCRR 1400.5 in obtaining the confession of judgment, as such a violation would result in forfeiture of any unpaid fees (*see Behrins & Behrins v Sammarco,* 305 AD2d 346 [2003]; *Bishop v Bishop,* 295 AD2d 382 [2002]; *Mulcahy v Mulcahy,* 285 AD2d 587, 588 [2001]). Although the issue could have been addressed by the Supreme Court prior to the submission of the fee dispute to the arbitration panel, it also would have been proper for the panel to address the issue in reaching its determination (*see* 22 NYCRR [former] 136.4 [b]; *Matter of Serazio-Plant,* 299 AD2d 696, 698 [2002]). Accordingly, the panel's decision not to address the issue rendered its award not "final and definite" and subject to vacatur (*see Matter of Civil Serv. Empls. Assn. v County of Nassau,* 305 AD2d 498 [2003]; *Matter of Snyder-Plax v American Arbitration Assn.,* 196 AD2d 872, 874 [1993]). Santucci, J.P., Schmidt, Townes and Rivera, JJ., concur.