■ In the Matter of the Arbitration between RONALD HANSEN et al., Respondents, and NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Appellants. [873 NYS2d 389]—

Kavanagh, J. Appeal from a judgment of the Supreme Court (Hard, J.), entered December 5, 2007 in Albany County, which partially granted petitioners' application pursuant to CPLR 7511 to vacate an arbitration award.

Petitioner Ronald Hansen (hereinafter petitioner) was employed by respondent Department of Correctional Services (hereinafter DOCS) as a correction officer. In August and October 2005, petitioner received two notices of discipline that separately charged him with failing to obey a direct order and failing to report to duty. Petitioner filed grievances from each notice of discipline and made a demand that each be submitted to arbitration. The sole issue to be decided by the arbitrator as agreed upon by the parties was whether petitioner was guilty of the charges alleged in the notices of discipline and what penalty was appropriate. After a two-day hearing, the arbitrator found that petitioner was guilty of misconduct for failing to report to duty and, as a penalty, determined that DOCS could either terminate petitioner or retain his services with a written reprimand and a fine of two months of pay. Petitioner commenced this proceeding pursuant to CPLR 7511 to vacate the arbitrator's award to the extent that it found him guilty of misconduct and for providing DOCS, in terms of the penalty to be imposed, the option of a choice between two specific sanctions. Supreme Court granted the petition only to the extent that it vacated the arbitrator's award regarding the penalty imposed. It agreed with petitioner that the penalty was indefinite and failed to resolve an issue in controversy by providing DOCS with the option as to the penalty to be imposed for the violation.

Initially, we note that petitioner does not claim in his petition or on this appeal that either penalty was inappropriate or an abuse of the arbitrator's authority. As for the claim of indefiniteness, each penalty as proposed was final and definite and provided the parties with the arbitrator's determination as to what would constitute an appropriate penalty for the misconduct involved. Offering a choice of two definite penalties does not render the final award indefinite. Such an award only lacks finality and definiteness and is subject to vacatur "if it leaves the parties unable to determine their rights and obligations, if it does not resolve the controversy submitted or if it creates a new controversy" (*Matter of Meisels v Uhr*, 79 NY2d 526, 536 [1992]; *see Hiscock v Harris*, 74 NY 108, 113 [1878]; *Matter of Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO [State of New York]*, 223 AD2d 890, 891-892 [1996]; *Matter of Guetta [Raxon Fabrics Corp.]*, 123 AD2d 40, 44 [1987]).

The arbitrator's decision here was not indefinite. It did not, for example, set parameters from within which DOCS could choose an appropriate penalty. Instead, it offered the choice between two definite penalties, either of which it found would be appropriate to address the misconduct involved. As such, the

award answered the question that was presented to the arbitrator and resolved the controversy between the parties by issuing a "final and definite award upon the subject matter" (CPLR 7511 [b] [1] [iii]; *compare Hiscock v Harris*, 74 NY at 113; *Matter of Teamsters Local Union 693 [Coverall Serv. & Supply Co.]*, 84 AD2d 609, 610 [1981]; *see Matter of Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO [State of New York]*, 223 AD2d at 891).

Cardona, P.J., Mercure, Rose and Malone Jr., JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as partially granted petitioner's application; application denied in its entirety; and as so modified, affirmed.