■ AVAMER ASSOCIATES, L.P., et al., Respondents-Respondents, v 57 ST. ASSOCIATES, L.P., Petitioner-Appellant. [890 NYS2d 2]—

Order and judgment (one paper), Supreme Court, New York County (Eileen Bransten, J.), entered April 1, 2009, which, inter

alia, granted petitioners' application to vacate the arbitrators' modification of their clarification of their "Final Award," unanimously affirmed, with costs.

As Supreme Court aptly stated, the arbitrators' acceptance of some of respondent's arguments in support of modification, and rejection of others, confirms that the arbitrators did not simply correct a miscalculation apparent on the face of the original award as clarified, but instead performed a later, separate analysis of the award's basis, i.e., of the actual figures used to calculate the total amount of damages. Further confirmation that the arbitrators were reconsidering their original award as clarified, not merely correcting a computational error, is provided by the substantial difference between the amount requested by respondent and the amount awarded in the modification. Accordingly, there was no proper basis for the modification under CPLR 7509 (*see Matter of Israel Aircraft Indus. [DDY-Wing Aviation]*, 284 AD2d 281 [2001]; *Matter of Daly v Lehman Bros.*, 252 AD2d 357 [1998]; *see also Hough v Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 757 F Supp 283, 288 [SD NY 1991], *affd* 946 F2d 883 [2d Cir 1991] [CPLR 7511 (c) (1) "construed literally" by courts to require that the miscalculation appear on the face of the award]; *Silber v Silber*, 204 AD2d 527, 529 [1994] [after award rendered, arbitrator lacks power to render a new award or to modify original, except as provided in CPLR 7509]). Concur—Tom, J.P., Mazzarelli, Friedman and Richter, JJ. [*See* 22 Misc 3d 1129(A), 2009 NY Slip Op 50357(U).]