■ In the Matter of PAULA ANDREWS, Respondent, v COUNTY OF ROCKLAND, Appellant. [992 NYS2d 131]—

In a proceeding pursuant to CPLR article 75 to vacate an arbitration award dated April 17, 2012, the County of Rockland appeals from an order of the Supreme Court, Rockland County (Jamieson, J.), dated November 2, 2012, which granted the petition, vacated the arbitration award, and remitted the matter to a different arbitrator for a new hearing and a new determination.

Ordered that the order is affirmed, with costs.

The petitioner commenced this proceeding pursuant to CPLR 7511 to vacate an arbitration award in favor of the County of Rockland issued in connection with an action she commenced against the County to recover damages for personal injuries. In

the action, the petitioner alleged that, while she was a passenger on a bus for the disabled that was owned and operated by the County, she sustained personal injuries when she was thrown from her seat to the floor as the bus rounded a corner. The parties agreed to arbitrate the issue of negligence and agreed to a "high-low" limit to the amount of damages, the sums of which were not disclosed to the arbitrator. The arbitrator was asked to decide the issue of liability, to wit, the negligence of each of the parties in connection with the incident, and, if established, to render a determination as to damages.

After a hearing, the arbitrator determined that the petitioner was barred from any recovery irrespective of any negligence of the County because she was not wearing her seatbelt. Nonetheless, the arbitrator awarded the petitioner "the low" sum of damages in light of the parties' private agreement as to damages. The petitioner then commenced this proceeding to vacate the arbitration award, contending that the arbitrator exceeded his powers, that the award was not final and definite, and that the arbitrator acted in manifest disregard of the law. The Supreme Court vacated the arbitration award on the ground that it was not final and definite. We affirm.

Although judicial review of arbitration awards is limited (see *Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 NY3d 471, 479 [2006]; *Matter of Westchester County Correction Officers Benevolent Assn., Inc. v County of Westchester*, 81 AD3d 966, 967 [2011]), an award will be vacated when the arbitrator making the award "so imperfectly executed it that a final and definite award upon the subject matter submitted was not made" (CPLR 7511 [b] [1] [iii]; *see Papapietro v Pollack & Kotler*, 9 AD3d 419, 420 [2004]). An award will be vacated as indefinite or nonfinal for purposes of CPLR 7511 if it does not "dispose of a particular issue raised by the parties" (*Hamilton Partners v Singer*, 290 AD2d 316, 316 [2002]; *see Papapietro v Pollack & Kotler*, 9 AD3d at 419-420), or " 'if it leaves the parties unable to determine their rights and obligations, if it does not resolve the controversy submitted or if it creates a new controversy' " (*Matter of Westchester County Corr. Officers Benevolent Assn., Inc. v Cheverko*, 112 AD3d 840, 841 [2013], quoting *Matter of Meisels v Uhr*, 79 NY2d 526, 536 [1992]).

Here, the arbitrator's award was neither definite nor final, as it failed to resolve the controversy submitted, to wit, the negligence of each party and the amount of damages, if any. The arbitrator did not make any specific findings of fact or credibility or dispose of the issues raised by the parties. Instead, the arbitrator pointed to a fact not in dispute—that the petitioner

was not wearing a seatbelt—and determined that he did not need to decide whether the County was negligent. In doing so, the arbitrator failed to dispose of the controversy with which he had been charged (*see Matter of Westchester County Corr. Officers Benevolent Assn., Inc. v Cheverko*, 112 AD3d at 841; *Matter of Scott v Bridge Chrysler Plymouth*, 214 AD2d 675, 676 [1995]).

Moreover, the arbitrator also failed to determine damages and instead referred to the parties' agreement, to which he was not privy, and awarded the petitioner "the low" sum of damages, despite finding that the petitioner was barred from recovering any damages (*see Matter of Westchester County Corr. Officers Benevolent Assn., Inc. v Cheverko*, 112 AD3d at 841; *Papapietro v Pollack & Kotler*, 9 AD3d at 420; *Hamilton Partners v Singer*, 290 AD2d at 316). In so doing, the arbitrator did not perform the job he was required to do pursuant to the parties' arbitration agreement.

Accordingly, the Supreme Court properly vacated the arbitration award as indefinite and nonfinal (*see Papapietro v Pollack & Kotler*, 9 AD3d at 419-420; *Matter of Scott v Bridge Chrysler Plymouth*, 214 AD2d at 676). Skelos, J.P., Hall, Duffy and Barros, JJ., concur.