*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 19, 2015                    519354
_____

In the Matter of the Arbitration
    between DELANEY GROUP, INC.,
                    Respondent-
                    Appellant,

        and

HOLMGREN ENTERPRISES, INC.,                MEMORANDUM AND ORDER
    Doing Business as VIKING
    LAND CLEARING,
                    Appellant-
                    Respondent.
_____

Calendar Date:   January 5, 2015

Before:   McCarthy, J.P., Egan Jr., Lynch and Clark, JJ.

_____

        Fox & Kowalewski, LLP, Clifton Park (Laurence I. Fox of
counsel), for respondent-appellant.

        Jacobowitz & Gubits, LLP, Walden (Kara J. Cavallo of
counsel), for appellant-respondent.

_____

Egan Jr., J.

        Cross appeals from an order of the Supreme Court (Aulisi,
J.), entered March 6, 2014 in Fulton County, which, among other
things, denied respondent's cross application pursuant to CPLR
7511 to confirm a modified arbitration award.

        At all times relevant, petitioner was the prime contractor
on a public work project awarded by the Department of
Transportation for construction work on a portion of State Route
17 in Sullivan County.  In conjunction therewith, petitioner

entered into a subcontract with respondent to clear and grub approximately 75 acres of land in exchange for $406,250. The parties' subcontract provided that "[a]ny controversy of [sic] claim" arising out of or related to the subcontract would be settled by arbitration.

In October 2010, respondent filed a demand for arbitration contending, among other things, that it was entitled to extra payment for clearing and grubbing additional acreage over and above that required by the underlying subcontract, in response to which petitioner apparently interposed a counterclaim. At the conclusion of the hearing that followed, the arbitrator found that respondent was entitled to $150,250 for the additional trees removed and the additional acreage cleared and grubbed. The arbitrator also concluded, however, that petitioner was entitled to what amounted to a credit totaling $96,318.35 – representing $13,806 in "stipulated backcharges" and $82,512.35 that petitioner, pursuant to a stipulation of the parties, was permitted to withhold pending resolution of certain issues that were not part of the arbitration proceeding. Accordingly, petitioner was directed to pay respondent $53,931.65 "at [that] time."[1]

Following receipt of the arbitrator's original award, respondent sought "clarification" thereof – contending that the arbitrator "misunderstood the parties['] stipulation." Specifically, respondent asserted that petitioner had withheld the $82,512.35 referenced in the award prior to the actual arbitration and, further, that the parties had stipulated that such sum "could continue to be withheld pending the passage of time or other resolution between the parties." According to respondent, the $82,512.35 at issue was not intended to be applied against any award made in its favor and, therefore, the arbitrator should not have deducted that amount from the total

---

[1] The parties' stipulation was not reduced to writing, the hearing minutes were not transcribed and the parties' post-hearing submissions do not appear in the record.

sum due and payable to respondent.[2]  Petitioner opposed the relief sought, arguing that the requested clarification would amount to a redetermination of the merits and, further, that the adjustment sought by respondent did not qualify as the "correction of a clerical, typographical, technical or computational error" in the original award within the meaning of CPLR 7509 and 7511 (c) (1).  In so doing, petitioner did not address the substance of respondent's claim — namely, that petitioner was, in effect, receiving a double credit as to (at least) the $82,512.35 at issue.

The arbitrator thereafter issued a modified award, which granted the full $150,250 to respondent and deleted any reference to the previous "credits," thereby making no award of damages with respect to petitioner's counterclaim.  As to the basis for such modification, the arbitrator noted, "It now appears that the amounts in question were withheld from [respondent's] final payment, and therefore should not, of course, have been withheld again in the [original arbitration] [a]ward."  Petitioner then commenced the instant proceeding seeking to vacate both the original and the modified award contending, among other things, that respondent's request for modification was untimely, that the arbitrator exceeded her authority with respect to the modified award as such modification did not fall within any of the grounds set forth in CPLR 7511 (c) and that the original award should be vacated in its entirety due to respondent's failure to comply with what petitioner deemed to be a condition precedent to arbitration.  Respondent answered and requested that Supreme Court dismiss the petition in its entirety and confirm the modified arbitration award.

Supreme Court declined to vacate the original award based upon respondent's failure to comply with the notice of claims provision set forth in the parties' arbitration agreement, finding that the arbitrator's decision not to enforce this clause was both rational and based upon consideration of the underlying equities.  Similarly, Supreme Court denied petitioner's request

---

[2]  The request for clarification made no mention of the $13,806 in "stipulated backcharges."

to vacate the modified award based upon respondent's untimely modification request, finding — in essence — that the arbitrator acted within her authority in entertaining a request that, due to law office failure, was filed one day beyond the 20-day period set forth in CPLR 7509.  As to the merits, Supreme Court agreed that the arbitrator exceeded her authority in issuing the modified award, as such modification went beyond the mere correction of a computational error within the meaning of CPLR 7511 (c) (1), and granted petitioner's request to vacate this award.  As to the original award, Supreme Court found that the arbitrator — by neglecting to delineate and address the effect of the parties' purported stipulation — failed to make "a final and definite award [upon] the subject matter submitted" (CPLR 7511 [b] [1] [iii]).  Accordingly, Supreme Court vacated the original award as well and remanded the matter to the arbitrator for a rehearing and redetermination of the issues — including the existence and/or content of the parties' alleged stipulation and the corresponding effect, if any, upon petitioner's counterclaim. Respondent now appeals, seeking reinstatement of the modified award, and petitioner cross appeals, contending that there is no basis upon which to remand this matter to the arbitrator for further proceedings.

We affirm.  Initially, we reject petitioner's assertion that respondent failed to comply with what it characterizes as a condition precedent to arbitration.  The parties' dispute in this regard centers around a notice of claim clause contained within the arbitration agreement, which required that any claim for an adjustment in the subcontract price be made within 15 days of the occurrence giving rise to the claim.  Although the arbitrator recognized that respondent failed to comply with this provision, she determined that such noncompliance was not a bar to arbitration given, among other things, that the parties anticipated that respondent might be called upon to perform additional work — as evidenced by the fact that petitioner's contract with the Department of Transportation assigned a value to respondent's work that far exceeded the amount of respondent's subcontract — as well as uncontroverted testimony that the exact acreage to be cleared and grubbed could not be ascertained until the work was completed.  "An arbitrator is charged with the interpretation and application of the [parties'] agreement . . .

[and] courts are obligated to give deference to the decision of the arbitrator" (Matter of New York City Tr. Auth. v Transport Workers' Union of Am., Local 100, AFL-CIO, 6 NY3d 332, 336 [2005] [citations omitted]).  Inasmuch as the arbitrator's decision in this regard was rational and, further, was based upon a consideration of the underlying equities, Supreme Court properly declined to vacate the original award upon this ground.  We reach a similar decision with respect to Supreme Court's finding that the arbitrator did not exceed her authority in excusing respondent's one-day delay in submitting its modification request (cf. Spector v Torenburg, 852 F Supp 201, 207-208 [1994]; but see Matter of Bianchi [Katz], 111 AD3d 1012, 1013 [2013]). Accordingly, neither the original award nor the modified award is subject to vacatur based upon these procedural grounds.

As to the merits, we agree with petitioner that the arbitrator's modification of the original award exceeded the narrow grounds set forth in CPLR 7511 (c).  A review of the modified award reveals that the arbitrator did not simply correct a "miscalculation of figures . . . in the [original] award" (CPLR 7511 [c] [1]) but, rather, made new factual findings as to the applicability of the parties' apparent stipulation relative to petitioner's counterclaim and its corresponding impact upon the moneys awarded, i.e., the arbitrator impermissibly revisited the merits of the parties' dispute.  Under these circumstances, the modified award was properly vacated (see CPLR 7509, 7511 [c]; Avamer Assoc., L.P. v 57 St. Assoc., L.P., 67 AD3d 483, 484 [2009]; cf. Matter of Outback Steakhouse, Inc. v Contracting Mgt., Inc., 58 AD3d 855, 855 [2009]).

We also are persuaded that Supreme Court properly vacated the original arbitration award and remanded the matter to the arbitrator for a rehearing (see CPLR 7511 [d]).  CPLR 7511 (b) (1) (iii) permits a court to vacate an arbitration award if the court finds that a party's rights were prejudiced because the arbitrator, in making such an award, either "exceeded his [or her] power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made." Although we find no basis upon which to conclude that the arbitrator exceeded her authority in rendering the initial award, we agree with Supreme Court that, by failing to address the

existence and/or content of the parties' purported stipulation, ascertain whether the contested funds were in fact withheld by petitioner prior to the start of the arbitration and assess the corresponding impact, if any, upon petitioner's counterclaim, the arbitrator "so imperfectly executed" her powers that "a final and definite award" was not in fact made (CPLR 7511 [b] [1] [iii]). In reaching this result, we are not suggesting that the arbitrator made a factual or legal error as to the import and/or effect of the parties' apparent stipulation, as we acknowledge that such matters are largely beyond our review (see Matter of Falzone [New York Cent. Mut. Fire Ins. Co.], 15 NY3d 530, 534 [2010]; Matter of Aftor v Geico Ins. Co., 110 AD3d 1062, 1064 [2013]). Rather, it is the arbitrator's failure to ascertain the existence of the stipulation, articulate its parameters and assess its impact upon both respondent's claim for additional compensation and petitioner's corresponding counterclaim that warrants vacatur of the original award. The parties' remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

McCarthy, J.P., Lynch and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court