■ In the Matter of TRANSPORT WORKERS UNION OF GREATER NEW YORK, LOCAL 100, AFL-CIO, et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [54 NYS3d 590]—In a proceeding pursuant to CPLR article 75 to vacate an arbitration award, the petitioners appeal from an order of the Supreme Court, Kings County (Jimenez-Salta, J.), dated November 6, 2015, which denied the petition and confirmed the award.

Ordered that the order is affirmed, with costs.

Although judicial review of arbitration awards is limited (*see Matter of Westchester County Correction Officers Benevolent Assn., Inc. v County of Westchester*, 81 AD3d 966, 967 [2011]), an award will be vacated when the arbitrator making the

award "so imperfectly executed it that a final and definite award upon the subject matter submitted was not made" (CPLR 7511 [b] [1] [iii]; *see Matter of Andrews v County of Rockland*, 120 AD3d 1227, 1228 [2014]). An award will be vacated as indefinite or nonfinal for purposes of CPLR 7511 if it does not "dispose of a particular issue raised by the parties" (*Hamilton Partners v Singer*, 290 AD2d 316, 316 [2002]; *see Matter of Andrews v County of Rockland*, 120 AD3d at 1228), or " 'if it leaves the parties unable to determine their rights and obligations, if it does not resolve the controversy submitted or if it creates a new controversy' " (*Matter of Westchester County Corr. Officers Benevolent Assn., Inc. v Cheverko*, 112 AD3d 840, 841 [2013], quoting *Matter of Meisels v Uhr*, 79 NY2d 526, 536 [1992]).

Here, contrary to the petitioners' contention, the arbitrator's award did not leave any matter submitted by the parties open for future contention, and thus, it was definite and final (*see Matter of Civil Serv. Empls. Assn. v County of Nassau*, 305 AD2d 498, 499 [2003]; *Matter of Nationwide Mut. Ins. Co. v Steiner*, 227 AD2d 563, 564 [1996]; *cf. Matter of Delaney Group, Inc. [Holmgren Enters., Inc.]*, 126 AD3d 1212, 1216 [2015]).

The petitioners' remaining contentions are without merit. Chambers, J.P., Miller, Maltese and Duffy, JJ., concur.