Matter of Rosenberg v Schwartz (2019 NY Slip Op 07587)





Matter of Rosenberg v Schwartz


2019 NY Slip Op 07587


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2016-12297
2016-12301
2017-00576
2017-00577
 (Index No. 503885/16)

[*1]In the Matter of Eric Rosenberg, etc., respondent,
v
Allan Schwartz, etc., appellant.


Moulinos & Associates LLC, New York, NY (Peter Moulinos and Daniel Levinas of counsel), for appellant.
Goldberg Rimberg & Weg PLLC, New York, NY (Israel Goldberg of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to confirm an arbitration award dated August 6, 2015, Allan Schwartz appeals from (1) an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated September 21, 2016, (2) an order of the same court dated November 10, 2016, (3) a judgment of the same court dated December 6, 2016, and (4) a judgment of the same court dated December 23, 2016. The order dated September 21, 2016, granted the petition to confirm the arbitration award and denied the motion of Allan Schwartz, inter alia, to vacate the arbitration award. The order dated November 10, 2016, denied the motion of Allan Schwartz for leave to reargue his opposition to the petition and his motion. The judgment dated December 6, 2016, upon the orders, confirmed the arbitration award. The judgment dated December 23, 2016, upon the orders, in effect, vacated the judgment dated December 6, 2016, and confirmed the arbitration award.
ORDERED that the appeals from the orders are dismissed; and it is further,
ORDERED that the appeal from the judgment dated December 6, 2016, is dismissed as academic, as that judgment was, in effect, vacated by the judgment dated December 23, 2016; and it is further,
ORDERED that the judgment dated December 23, 2016, is modified, on the law, by deleting the provision thereof confirming so much of the arbitration award as determined the distribution of the accounts receivable incurred prior to the date of the arbitration award, and substituting therefor a provision vacating that portion of the arbitration award; as so modified, the judgment dated December 23, 2016, is affirmed, that branch of the motion of Allan Schwartz which was to vacate so much of the arbitration award as determined the distribution of the accounts receivable incurred prior to the date of the arbitration award is granted, the order dated September 21, 2016, is modified accordingly, and the matter is remitted to the Supreme Court, Kings County, to remit the matter to the rabbinical arbitration tribunal for further proceedings consistent herewith; [*2]and it is further,
ORDERED that one bill of costs is awarded to Allan Schwartz, payable by the petitioner.
The appeal from the order dated September 21, 2016, must be dismissed, as the right of direct appeal therefrom terminated with the entry of the judgment in the proceeding (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment dated December 23, 2016 (see CPLR 5501[a][1]). The appeal from the order dated November 10, 2016, denying the motion of Allan Schwartz (hereinafter the appellant) for leave to reargue also must be dismissed, as no appeal lies from an order denying reargument (see Gentry v Mean, 166 AD3d 583).
The petitioner and the appellant were each 50% owners of a corporation known as Blind Builders USA, Inc. (hereinafter Blind Builders), a shade and drapery business located in Brooklyn. The parties eventually determined that they could no longer work together and decided to separate. They agreed to arbitrate their respective claims to the assets of Blind Builders before a rabbinical arbitration tribunal, the Beth Din Zedek of America-Ein Moshe (hereinafter the Beth Din). Thereafter, the Beth Din issued an arbitration award dated August 6, 2015, determining the allocation of the assets of Blind Builders, including the accounts receivable incurred prior to the date of the award.
In March 2016, the petitioner commenced this proceeding pursuant to CPLR article 75 to confirm the arbitration award. In seeking to confirm the award, the petitioner maintained that the Beth Din determined that the accounts receivable were to remain with the business and be paid solely to the petitioner. The appellant opposed the petition and moved, inter alia, to vacate the award on the ground, among others, that the award was indefinite and nonfinal with respect to the issue of the outstanding accounts receivable. The appellant argued that the proper interpretation of the award was that the accounts receivable incurred prior to the date of the award were to be divided equally between the parties. The Supreme Court granted the petition to confirm the award, denied the appellant's motion, inter alia, to vacate the award, and confirmed the award.
Although judicial review of arbitration awards is limited (see Matter of Westchester County Correction Officers Benevolent Assn., Inc. v County of Westchester, 81 AD3d 966, 967), an award will be vacated when the arbitrator making the award "so imperfectly executed it that a final and definite award upon the subject matter submitted was not made" (CPLR 7511[b][1][iii]; see Matter of Transport Workers Union of Greater N.Y., Local 100, AFL-CIO v New York City Tr. Auth., 151 AD3d 1067, 1067-1068; Matter of Andrews v County of Rockland, 120 AD3d 1227, 1228). An arbitration award will be vacated as indefinite or nonfinal for purposes of CPLR 7511 if it does not "dispose of a particular issue raised by the parties" (Hamilton Partners v Singer, 290 AD2d 316; see Matter of Andrews v County of Rockland, 120 AD3d at 1228), or "if it leaves the parties unable to determine their rights and obligations, if it does not resolve the controversy submitted or if it creates a new controversy" (Matter of Meisels v Uhr, 79 NY2d 526, 536; see Matter of Transport Workers Union of Greater N.Y., Local 100, AFL-CIO v New York City Tr. Auth., 151 AD3d at 1068; Matter of Westchester County Corr. Officers Benevolent Assn., Inc. v Cheverko, 112 AD3d 840, 841).
Here, the appellant established that the arbitration award was indefinite and nonfinal inasmuch as it did not clearly define how the accounts receivable that were incurred prior to the date of the award were to be distributed. Moreover, the provision at issue created a new controversy between the parties with respect to the distribution of those funds. Accordingly, that portion of the award should have been vacated and the matter remitted to the Beth Din for a determination solely of that issue (see Matter of Board of Educ. of Amityville Union Free School Dist. v Amityville Teacher's Assn., 62 AD3d 992, 994; see also Matter of Bongiovanni [City of Niagara Falls], 181 AD2d 1033).
The parties' remaining contentions either are without merit or need not be reached [*3]in light of our determination.
RIVERA, J.P., ROMAN, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court