Matter of Williams (New York State Dept. of Corr. & Community Supervision) (2021 NY Slip Op 07327)





Matter of Williams (New York State Dept. of Corr. & Community Supervision)


2021 NY Slip Op 07327


Decided on December 23, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 23, 2021

531500
[*1]In the Matter of the Arbitration between Kimberly Williams, Appellant, and New York State Department of Corrections and Community Supervision et al., Respondents.

Calendar Date:November 18, 2021

Before:Garry, P.J., Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Renee L. Delgado, New York State Public Employees Federation, AFL-CIO, Albany (Alison M. Thorne of counsel), for appellant.
Letitia James, Attorney General, Albany (Julie M. Sheridan of counsel), for respondents.



Pritzker, J.
Appeal from an order of the Supreme Court (Platkin, J.), entered May 8, 2020 in Albany County, which, among other things, partially denied petitioner's application pursuant to CPLR 7510 to confirm an arbitration award.
In November 2017, respondent Department of Corrections and Community Supervision (hereinafter DOCCS) issued petitioner, a parole officer, a notice of suspension and a notice of discipline, preferring 15 charges of misconduct against her and imposing a penalty of termination and loss of accrued annual leave. The charges of misconduct were brought about by petitioner's involvement in an August 2017 incident wherein petitioner, with her child present in her state-owned vehicle, represented herself as a police officer by activating the vehicle's emergency lights to effectuate a traffic stop after a motorist honked the horn of her vehicle, displayed her middle finger and cursed at petitioner. Petitioner grieved the notice of discipline pursuant to a collective bargaining agreement (hereinafter CBA) between DOCCS and the Public Employees Federation — the collective bargaining representative for certain of DOCCS's employees. The grievance was submitted to arbitration and, following a hearing, an arbitrator found that DOCCS had proven charges 1 through 7 and that petitioner was guilty thereof. Assuming without deciding that petitioner was not guilty of charges 8 through 15, the arbitrator based the award and appropriateness of the penalty on his finding of guilt for charges 1 through 7. The arbitrator offered petitioner the option of selecting one of two remedies: back pay with no reinstatement or reinstatement with no back pay; if petitioner chose the latter, she would be required to complete a program on the use of force or anger management, not to exceed five days. Petitioner selected the latter option.
Petitioner commenced this proceeding to confirm the arbitration award, contending that DOCCS had refused to comply with the award by failing to reinstate her as a parole officer. Respondents cross-moved to confirm so much of the award that found petitioner guilty of charges 1 through 7 and to vacate so much of the award that failed to resolve charges 8 through 15, along with the penalty. Supreme Court denied petitioner's motion in part and granted respondents' cross motion in full, finding that petitioner was guilty of charges 1 through 7 and that the award impermissibly failed to resolve charges 8 through 15, in violation of the CBA. The court vacated the penalty, finding that it violated strong public policies against the unauthorized use of force, the making of unlawful arrests and impersonating a police officer. Petitioner appeals.
Petitioner contends that Supreme Court erroneously vacated the award as indefinite and violative of the CBA. Pursuant to the CBA, "[w]here the appointing authority . . . seeks to impose discipline, notice of such discipline shall be made in writing" and "[t]he specific acts for which discipline [*2]is being imposed
. . . shall be specified in the notice." Following the arbitration hearing, an arbitrator "shall render determinations of guilt or innocence and the appropriateness of proposed penalties." The CBA further provides that "arbitrators shall neither add to, subtract from nor modify the provisions of [the CBA]." "Under CPLR 7511 (b) an arbitration award must be vacated if, as relevant here, a party's rights were impaired by an arbitrator who 'exceeded his [or her] power or so imperfectly executed it that a final and definite award upon the subject matter was not made'" (Matter of Kowaleski [New York State Dept. of Correctional Servs.], 16 NY3d 85, 90 [2010], quoting CPLR 7511 [b] [1] [iii]; see Matter of O'Flynn [Monroe County Deputy Sheriffs' Assn., Inc.], 141 AD3d 1097, 1098 [2016]). "An award will be vacated as indefinite or nonfinal for purposes of CPLR 7511 if it does not dispose of a particular issue raised by the parties, or if it leaves the parties unable to determine their rights and obligations, if it does not resolve the controversy submitted or if it creates a new controversy" (Matter of Andrews v County of Rockland, 120 AD3d 1227, 1228 [2014] [internal quotation marks and citations omitted], lv dismissed 24 NY3d 1090 [2015]; see Matter of Hansen [New York State Dept. of Correctional Servs.], 59 AD3d 903, 904 [2009], lv denied 12 NY3d 711 [2009]).
During the arbitration, the parties stipulated to three issues in dispute, the first of which was whether DOCCS proved "guilt and just cause to discipline the grievant as alleged in the [notice of discipline] dated November 3, 2017." The notice of discipline preferred 15 charges of misconduct against petitioner; charges 1 through 7 stemmed from petitioner's involvement in the August 2017 incident, and charges 8 through 15 alleged that, on the date of and following the incident, petitioner made false entries in her employee time record, submitted a false mileage log and received overtime pay based upon false records. Instead of resolving charges 8 through 15, the arbitrator "assume[d], without finding," that petitioner was not guilty and "base[d] [the] award, including the appropriateness of the penalty, on whether [petitioner] [was] guilty of charges 1 through 7." The arbitrator then determined that DOCCS proved charges 1 through 7 and that, accordingly, petitioner was guilty of said charges.
Here, the CBA required the arbitrator to "render determinations of guilt or innocence" concerning the specific acts for which DOCCS sought to impose discipline, as specified in the notice of discipline. As aptly noted by Supreme Court, the arbitrator abdicated this responsibility and, instead, "effectively rewrote" the CBA by only determining some of the charges and basing the appropriateness of the penalty thereon. Moreover, inasmuch as the first stipulated issue addressed whether DOCCS proved guilt and just cause to discipline petitioner as alleged in the notice of discipline, [*3]the arbitrator was required to consider each of the allegations contained in the notice. Thus, because the arbitrator expressly based his findings on charges 8 through 15 on assumptions, rather than an evidentiary determination, the arbitrator failed to dispose of issues that he was charged to resolve on the merits, and Supreme Court therefore properly vacated the award as indefinite and violative of the CBA (see Matter of Andrews v County of Rockland, 120 AD3d at 1228; Papapietro v Pollack & Kotler, 9 AD3d 419, 419-420 [2004]). Based upon this determination, we need not address petitioner's remaining contention — whether the arbitration award was properly vacated because the penalty imposed violated public policy — as it will be up to the arbitrator to determine the proper penalty based upon a determination on the merits of charges, rather than just the first seven.
Garry, P.J., Lynch, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.