Matter of Suny Broome Community Coll. (Faculty Assn. of Suny Broome Community Coll.) (2022 NY Slip Op 06051)

Matter of Suny Broome Community Coll. (Faculty Assn. of Suny Broome Community Coll.)

2022 NY Slip Op 06051

Decided on October 27, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 27, 2022

534168
[*1]In the Matter of the Arbitration between Suny Broome Community College et al., Appellants, and Faculty Association of Suny Broome Community College, Respondent.

Calendar Date:September 9, 2022

Before:Garry, P.J., Egan Jr., Lynch, Clark and Ceresia, JJ.

Bond, Schoeneck & King, PLLC, Syracuse (Liza R. Magley of counsel), for appellants.
Robert T. Reilly, New York State United Teachers, Latham (Clayton E. Eichelberger of counsel), for respondent.

Ceresia, J.
Appeal from an order of the Supreme Court (Jeffrey A. Tait, J.), entered September 17, 2021 in Broome County, which denied petitioners' application pursuant to CPLR 7511 to vacate an arbitration award.
Petitioners, a community college and its sponsoring county, are parties to a collective bargaining agreement (hereinafter the CBA) with respondent, a union representing members of the college faculty. When petitioners brought disciplinary charges against one of respondent's members, a college professor, and suspended the professor without pay while such charges were pending, respondent filed a grievance alleging that the suspension without pay violated the CBA.[FN1] After the grievance was denied, respondent filed a demand for arbitration. Following an arbitration hearing, the arbitrator found that the matter was arbitrable and further determined that petitioners were required, under the terms of the CBA, to pay the professor during the period of suspension. Petitioners then commenced the instant proceeding to vacate the arbitrator's award. Supreme Court denied the petition, and this appeal ensued.
The relevant sections of the CBA are as follows. Article 3 states that petitioners reserve the powers and rights conferred upon them by federal and state law, and the exercise of such powers and rights shall "be limited only by the specific and expressed terms of [the CBA]." Article 12 sets forth a four-step grievance procedure, culminating in arbitration as the last step in that process. Article 45 provides a procedure for bringing disciplinary charges against a faculty member, and section E of this article states that, "[p]ending the hearing and determination of charges, [petitioners] may suspend the [faculty member]."
Turning first to the question of arbitrability, petitioners contend that the dispute was not arbitrable because respondent failed to follow the first two steps of the grievance procedure, in that respondent did not provide notice of its grievance to the proper individuals within the mandated timeframes. However, "[q]uestions concerning compliance with a contractual step-by-step grievance process have been recognized as matters of procedural arbitrability to be resolved by the arbitrator[], particularly in the absence of a very narrow arbitration clause or a provision expressly making compliance with the [procedural] limitations a condition precedent to arbitration" (Matter of Enlarged City School Dist. of Troy [Troy Teachers Assn.], 69 NY2d 905, 907 [1987]; see Matter of Board of Educ. of the Rondout Val. Cent. Sch. Dist. [Rondout Val. Fedn. of Teachers], 101 AD3d 1446, 1447 [3d Dept 2012], lv denied 22 NY3d 853 [2013]).
Since the CBA contains no express provision requiring strict compliance with the grievance procedure as a prerequisite to arbitration, the question of whether respondent complied with that procedure — in particular, its notice requirements and time limitations — was for the arbitrator to resolve (see Matter of Jefferson [*2]County [Jefferson County Local of the Civ. Serv. Empls. Assn., Inc.], 175 AD3d 997, 999 [4th Dept 2019], lv denied 34 NY3d 913 [2020]; Matter of City of Watertown [Watertown Professional Firefighters' Assn. Local 191], 152 AD3d 1231, 1233-1234 [4th Dept 2017], lv denied 30 NY3d 908 [2018]; Nolan v DynCorp Intl. LLC, 108 AD3d 436, 436 [1st Dept 2013]). The arbitrator found that, despite the lack of strict compliance with the first two steps of the grievance procedure, petitioners had actual notice of respondent's grievance well before the deadline for filing it, and therefore the matter was arbitrable. We discern no basis to disturb this conclusion (see Matter of Buffalo Teachers Fedn., Inc. [Board of Educ. of Buffalo City School Dist.], 67 AD3d 1402, 1403 [4th Dept 2009]). To the extent that petitioners claim that the arbitrator went beyond the powers granted to him in articles 3 and 12 of the CBA in evaluating respondent's compliance with the grievance procedure, this contention is without merit, as petitioners have made no showing that the arbitrator's determination in this regard violated public policy, was irrational or exceeded a specifically enumerated limitation on his power (see Matter of Civil Serv. Empls. Assn. v Board of Trustees of the Mount Vernon Pub. Lib., 178 AD3d 1036, 1037 [2d Dept 2019]).
We now turn to the merits — namely, petitioners' contention that the arbitrator misinterpreted the suspension provision contained in article 45, section E of the CBA. In that regard, "[a]n arbitrator is charged with the interpretation and application of the parties' agreement and courts are obligated to give deference to the decision of the arbitrator" (Matter of Delaney Group, Inc. [Holmgren Enters., Inc.], 126 AD3d 1212, 1215 [3d Dept 2015] [internal quotation marks, brackets, ellipsis and citation omitted]). Thus, "[i]f the contract is reasonably susceptible to different conclusions, including the one given by the arbitrator, courts will not disturb the award" (Matter of Livermore-Johnson [New York State Dept. of Corr. & Community Supervision], 155 AD3d 1391, 1393 [3d Dept 2017]). Article 45, section E is silent as to whether suspension of an employee during the pendency of disciplinary charges should be with or without pay. In light of this ambiguity, the arbitrator looked to another provision of the CBA, prohibiting termination of an employee before arbitration, and reasoned that suspension without pay prior to arbitration would be tantamount to termination. The arbitrator also relied upon a previous instance in which petitioners, pursuant to the same contract language at issue in this case, provided full pay to an employee who had been suspended on similar charges — parol evidence of a past practice that the arbitrator was free to consider, given the ambiguity of the contractual term (see Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva, 92 NY2d 326, 332 [1998]; Holloway v City of Albany, 169 AD3d 1133, 1134-1135 [3d Dept [*3]2019], lv denied 34 NY3d 901 [2019]). Based upon this reasoning, the arbitrator concluded that the subject suspension was required to be with pay. Inasmuch as this determination, in our view, was not irrational, we cannot substitute our judgment for that of the arbitrator (see Matter of Gaymon v MTA Bus Co., 117 AD3d 735, 736 [2d Dept 2014]; Matter of Professional, Clerical, Tech., Empls. Assn. [Board of Educ. for Buffalo City Sch. Dist.], 103 AD3d 1120, 1125-1126 [4th Dept 2013], lv denied 21 NY3d 863 [2013]; Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO [State of New York], 15 AD3d 748, 750 [3d Dept 2005]).
Garry, P.J., Egan Jr., Lynch and Clark, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: The merits of the underlying disciplinary charges were addressed in a separate proceeding and are not the subject of this appeal.