■ In the Matter of the Arbitration between KURT I. JOLSON, Doing Business as Health Pharm Company, Respondent, and FOREST LABORATORIES INC., Appellant.—

The award is not sufficiently clear. Instead, it provides obvious areas for disagreement between the parties, with especial difficulty upon the accounting which has been directed. The award in directing the accounting itself related its scope generally to the agreement. At the same time it did not specify the particular terms of the agreement upon which the computation was to be based. In providing for a 25% commission "in all sales in the covered territory mentioned in Paragraph 7d" of the agreement between the parties, the award fails to specify upon what base the percentage should be computed. Moreover, since paragraph 7d of the agreement does not define covered territory but, rather, sets forth the terms of compensation in case of termination of the agreement, the award is not sufficiently explicit. Nor is it so clear as to avoid disagreement upon the accounting directed whether the award of 25% commissions applies only to "covered products", as defined in the agreement, sold in the covered territory. Respondent has not given his own interpretation of these ambiguities, and the court, with only the award and the written agreement before it, may not impose its own interpretation. Under the circumstances, a remand of the award for clarification is appropriate (*Matter of Weiss* [*Metalsalts Corp.*], 15 A D 2d 46; *Matter of Ritchie Bldg. Co.* [*Rosenthal*], 9 A D 2d 880). On the other hand, no difficulties are found in understanding the arbitrators' award with respect to the matter of termination. Concur — Breitel, J. P., McNally, Stevens, Steuer and Bergan, JJ.