■ CORNING FIREFIGHTERS, LOCAL 932, AFL-CIO, IAFF by Harold Smith, as President, Respondent-Appellant, v CITY OF CORNING et al., Appellants-Respondents. — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Special Term properly remitted the award to the arbitration panel for correction of mathematical calculations and clarification of job classifications (see, e.g., *Matter of Jolson* [*Forest Labs.*], 15 AD2d 901; *Matter of Canestrari v Uniform Firefighters,* 15 PERB 7530; *Caso v Coffey,* 8 PERB 7514). Its order should, however, be modified to direct that, in addition to specifying the particular job classification into which each fire fighter falls, the panel set forth a detailed classification of all fire fighter positions existing at the time of the award and the new corresponding salaries for each position under the award. Such a clarification is necessary to effectuate intelligent judicial review of the award. (Appeals from order of Supreme Court, Steuben County, Purple, J. — art 78.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Moule, JJ.

■ CHARLES CHAPMAN, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 63517.) — Judgment unanimously affirmed, without costs. Memorandum: On review of the record we find ample evidence supporting the conclusions of the trial court that: (1) Dr. Parker's decision to proceed with surgery (i.e., a right thoracotomy, possible lobectomy) without conducting additional diagnostic tests (i.e., an additional purified protein derivative [PPD] test, a sputum test and a bronchoscopic examination) was not a departure from accepted standards of medical care; and (2) claimant did not establish lack of informed consent based on Dr. Parker's failure to discuss these further diagnostic procedures as alternatives to surgery. The evidence establishes that prior to the surgery it was reasonable to conclude that none of said tests would have been productive. We agree, therefore, with the court's statement in its decision: "Hence, we cannot find that a reasonable medical practitioner would have advised the claimant that further testing was a viable option." (Appeal from judgment of Court of Claims, Lowery, J. — medical malpractice.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Moule, JJ.