■ In the Matter of BELEGGINGSMAATSCHAPPIJ WOLFJE, B.V., Appellant, v AES ECOTEK EUROPE HOLDINGS, B.V., Formerly Known as THERMO ECOTEK HOLDINGS, B.V., Respondent. [804 NYS2d 55]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), entered March 17, 2005, which granted respondent's motion to confirm a November 18, 2002 final arbitration award, as clarified by arbitral disposition dated July 15, 2004, in a dispute between the parties concerning their agreement to form a joint venture, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered on or about December 8, 2003, which directed respondent to seek clarification from the arbitration panel as to whether the original November 18, 2002 final arbitration award required petitioner to turn over certain securities to respondent, and whether any payment was required, unanimously dismissed, without costs, as subsumed in the appeal from the confirmation of the clarified final arbitration award.

The motion court, in its December 8, 2003 order, which addressed respondent's motion to confirm the original final arbitration award, noted that the parties disagreed over whether the arbitration award compelled petitioner to transfer its shares in EMD Ventures (the parties' joint venture) to respondent. The motion court correctly declined to review the issues raised in the arbitration and interpret the award of the arbitrators since judicial deference should be given to an arbitration award (*see* CPLR 7501; *Matter of Sims v Siegelson*, 246 AD2d 374, 376 [1998]), and instead correctly ordered respondent to seek clarification from the panel on the issue of whether its award required petitioner to turn over its 35% interest in EMD Ventures to respondent, and, if so, whether payment was required in connection with the transfer. The panel held in the original final award that in March 2001, respondent properly exercised its right to buy out petitioner's 35% interest in EMD Ventures, legally leaving petitioner with no shares in EMD

Ventures. The original final award, including findings that petitioner had no right to retain its prior 35% interest in EMD Ventures and that no payment was owed by respondent in connection with the buyout, was the unanimous decision of all three members of the panel.

Contrary to petitioner's contention, the motion court did not seek or order a modification of the original final award, but rather properly directed respondent to request clarification of the original final award to facilitate intelligent judicial review of the award (*see Corning Firefighters, Local 932, AFL-CIO, IAFF v City of Corning*, 97 AD2d 975 [1983]). Since the original final award was not modified, there could have been no failure to comply with CPLR 7509 or 7511.

The clarified final award was entitled to confirmation, even though the clarification was rendered exclusively by the single neutral arbitrator of the three-member panel (the American Arbitration Association [AAA] had removed the two arbitrators appointed by the parties after the original final award was completed but before the clarification was issued), because the parties agreed in their formation agreement that the Commercial Arbitration Rules of the AAA, not CPLR 7506 (e), would be the procedural law governing the arbitration.

Even if CPLR 7506 (e) applied, the original final award was the unanimous decision of all three members of the panel and clearly met the requirements of CPLR 7506 (e) (*see Marthan Equities v P.M. Realty Mgt. Corp.*, 216 AD2d 180, 181 [1995]). As noted, the alleged modification by the neutral arbitrator was merely a clarification of the panel's determinations set forth in the final award. Concur—Friedman, J.P., Sullivan, Nardelli, Gonzalez and Sweeny, JJ.