Matter of Finkelstein v Finkelstein (2022 NY Slip Op 01268)





Matter of Finkelstein v Finkelstein


2022 NY Slip Op 01268


Decided on March 01, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 01, 2022

Before: Gische, J.P., Oing, Kennedy, Mendez, Shulman, JJ. 


Index No. 650559/21 Appeal No. 15400 Case No. 2021-03519 

[*1]In the Matter of Nachum Dov Finkelstein et al., Petitioners-Respondents,
v
Reuven Finkelstein et al., Respondents-Appellants. Shmuel Akiva Finkelstein, et al., Respondents.


Heller, Horowitz & Feit, P.C., New York (Stuart A. Blander of counsel), for appellants.
Blank Rome LLP, New York (Gregory P. Cronin of counsel), and Blank Rome LLP, Chicago, IL (William J. Dorsey of the bar of the State of Illinois, admitted pro hac vice of counsel), for respondents.



Judgment, Supreme Court, New York County (Paul A. Goetz, J.), entered June 17, 2021, confirming a May 6, 2020 arbitral award and a January 6, 2021 clarified award, unanimously affirmed, without costs.
Petitioners' contention that respondent Reuven Finkelstein did not waive his right to appeal is unavailing. A waiver of a judicial forum must be "clear and unmistakable" (Conde v Yeshiva Univ., 16 AD3d 185, 186 [1st Dept 2005] [internal quotation marks omitted]). The arbitration agreement provides, "[i]n the event that after an award is made a dispute between the parties arises as to the interpretation of the award, . . . the arbitrators shall have jurisdiction on those matters to the extent permitted by law . . . [T]heir decision is not open for appeal neither in any religious court nor in any secular court." Even if an appeal from a judgment confirming an award were considered an appeal of the award (see Matter of Deutsch v Stern, 34 AD3d 802 [2d Dept 2006], lv denied 8 NY3d 812 [2007]), the above-quoted language does not clearly and unmistakably say the award cannot be appealed; rather, it could mean that a post-award decision interpreting the award cannot be appealed.
Contrary to respondents-appellants' contention, this proceeding could be brought in New York County (see CPLR 7502[a][i] ["the county where at least one of the parties . . . is doing business"]). Respondent 409 Realty Corp. owns a property located in Manhattan; hence, venue in New York County was proper (see generally Matter of New York Cent. Mut. Fire Ins. Co. [Cavanaugh], 265 AD2d 787, 788 [3d Dept 1999], lv denied 94 NY2d 760 [2000]).
If an award is clarified rather than modified, CPLR 7509 and 7511(c) do not apply (see Matter of Beleggingsmaatschappij Wolfje, B.V. v AES Ecotek Europe Holdings, B.V., 21 AD3d 858, 859 [1st Dept 2005]; see also Matter of Meisels v Uhr, 79 NY2d 526, 535 [1992]). Thus, respondents-appellants' complaints about the alleged modification of the 2020 award are unavailing. "Moreover, even assuming that a modification occurred and that the requirements of CPLR 7509 were not followed, vacatur is not required unless [the party seeking vacatur] can demonstrate that he was prejudiced by the defect" (Meisels, 79 NY2d at 535). Reuven Finklestein has not shown prejudice. Both the original award and the clarified award have the same bottom-line result: instead of belonging exclusively to Reuven, certain properties are to be shared pro rata by all of the children of Jacob and Shaindel Finkelstein.
The arbitration was not barred by public policy, as it did not involve an attempt to probate a will. It is undisputed that Jacob caused the seven properties at issue in the instant proceeding — which were also at issue in the arbitration — to be placed into inter vivos trusts. Surrogate's Court does not have exclusive jurisdiction over such trusts (see Wagenstein v Shwarts, 82 AD3d 628, 631 n * [1st Dept 2011]).
Respondents-appellants contend the awards should be vacated [*2]because one of the arbitrators was intimately involved with a will that was considered by the panel (the 2009 will). However, "[i]f a party goes forward with arbitration, having actual knowledge of the arbitrator's bias, or of facts that reasonably should have prompted further . . . inquiry, [he] may not later claim bias based upon the failure to disclose such facts" (Matter of J. P. Stevens & Co. [Rytex Corp.], 34 NY2d 123, 129 [1974]; see also Matter of Namdar [Mirzoeff], 161 AD2d 348, 349 [1st Dept 1990], lv denied 77 NY2d 802 [1991], cert denied 501 US 1251 [1991]). Respondents-appellants claim it is undisputed that the arbitrator failed to disclose his involvement with the 2009 will. However, a witness who has no financial interest in the arbitration or this proceeding and who went to school with both petitioner Nachum and respondent Reuven (i.e., who appears to be neutral) submitted an affirmation saying that the arbitrator disclosed such involvement before the arbitration began. In any event, respondent-appellants admit that all of the parties had general knowledge that the arbitrator was involved with the parents' estate, which was sufficient to trigger further inquiry before the arbitration took place.
Respondents-appellants' argument that the awards should be vacated because the arbitrator had personal knowledge of the 2009 will is unavailing. "[P]arties may be bound by a determination by an arbitrator selected to decide the issues before him on the basis of his knowledge alone" (Matter of Siegel [Lewis], 40 NY2d 687, 690 [1976]).
In their reply brief, respondents-appellants seem to be arguing that the judgment should be vacated because Reuven's wife and daughters are indispensable parties but were not parties to the instant proceeding. That issue is the subject of a separate appeal; therefore, we will not consider it here.
We have considered respondents-appellants' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 1, 2022