Matter of Finkelstein v Finkelstein (2022 NY Slip Op 04092)

Matter of Finkelstein v Finkelstein

2022 NY Slip Op 04092

Decided on June 23, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 23, 2022

Before: Renwick, J.P., Kern, Kennedy, Mendez, Higgitt, JJ. 

Index No. 650559/21 Appeal No. 16185 Case No. 2021-04573 

[*1]In the Matter of Nachum Finkelstein et al., Petitioners-Respondents,
v
Reuven Finkelstein et al., Respondents, Esther Finkelstein et al., Proposed Intervenors-Appellants.

The Law Office of Jeremy Rosenberg, Chestnut Ridge (Jeremy Rosenberg of counsel), for appellants.
Blank Rome LLP, New York (William J. Dorsey of the Bar of the State of Illinois, admitted pro hac, of counsel), for respondents.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about December 8, 2021, which denied proposed intervenors' motion to intervene in the proceeding pursuant to CPLR 1012, unanimously affirmed, with costs.
Proposed intervenors are the spouse and children of Reuven Finkelstein, one of the respondents in this proceeding to confirm a May 6, 2020 arbitral award, and a January 6, 2021 clarified award (arbitration award). Reuven appealed from the judgment confirming the award, which this Court affirmed (see Matter of Finkelstein v Finkelstein, 203 AD3d 402 [1st Dept 2022]).
Proposed intervenors now seek to intervene in order to vacate the arbitration award, claiming that, contrary to Reuven's representation during the years-long arbitration and related court proceedings, that they, and not Reuven, have an ownership interest in certain properties subject to the arbitration award. They further assert that they never authorized Reuven to act on their behalf in the arbitration, arguing that since they were not party to either the arbitration or named as respondents in the court proceeding to confirm, they cannot be bound by the arbitration award. The proposed intervenors fail to assert, however, that they were unaware of these proceedings, nor do they offer any credible explanation for the delay in asserting their alleged property rights until after judgment was entered by the court. In fact, proposed intervenor Esther Finkelstein conceded that she accompanied Reuven to most of the arbitration sessions before the Beth Din. Accordingly, the motion to intervene was properly denied as untimely (Matter of HSBC Bank U.S.A., 135 AD3d 534, 534 [1st Dept 2016]).
Even if proposed intervenors have a valid ownership interest in certain assets subject to the arbitration award, which petitioners dispute and which cannot be determined from this record, they would nevertheless be bound by the arbitration award given that they knew of the arbitration and remained silent, thus ratifying Reuven's apparent authority to act on their behalf (see Health-Loom Corp. v Soho Plaza Corp., 272 AD2d 179, 181-182 [1st Dept 2000]). Furthermore, under the "facts and realities" of this case, we find that the proposed intervenors had a full and fair opportunity to litigate ownership and control of their claimed assets and the validity of the arbitration award, and thus they are barred from relitigating those issues again (see Buechel v Bain, 97 NY2d 295, 304-305 [2001]).
We have considered proposed intervenors' remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 23, 2022