■ In the Matter of the Arbitration between the STATE OF NEW YORK (OFFICE OF MENTAL HEALTH, ROCHESTER PSYCHIATRIC CENTER), Respondent, and CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., Appellant.—Mikoll, J. Appeal from an order and judgment of the Supreme Court (Prior, Jr., J.), entered July 1, 1987 in Albany County, which partially granted petitioner's application pursuant to CPLR 7511 to vacate an arbitration award.

Joyce Pitts was employed as a mental health therapy aide at Rochester Psychiatric Center, a facility of the State Office of Mental Health. She was a single parent of two young children who were five years old and 14 months old at the time of the incidents discussed here. On October 3, 1985, Pitts was working the evening shift, 3:00 P.M. to 11:20 P.M., when, at 10:00 P.M., she was ordered to work mandatory overtime by continuing to work through the next shift. She refused because her baby-sitter was unable to care for the children through the night. On October 8, 1985, Pitts was again ordered to work overtime and again refused for lack of child care.

Pitts was charged with misconduct for insubordination in refusing to work the two overtime shifts. She filed a grievance which proceeded to disciplinary arbitration. Petitioner asked for her termination. Article 27 of the collective bargaining

agreement for Institutional Services employees between respondent and petitioner governs the assignment of overtime and provides that claims involving failure to comply with overtime assignments are subject to the grievance procedures. Article 33 of the collective bargaining agreement provides for a disciplinary procedure that culminates with disciplinary arbitration. It also empowers the disciplinary arbitrators to set the penalty and fashion a remedy within certain limits.

The arbitrator's decision recognized petitioner's right to order mandatory overtime in order to staff the hospital and determined that Pitts was given as much notice as possible under the circumstances. The arbitrator believed that Pitts was placed in an impossible situation of choosing between her job and her children. The arbitrator found Pitts guilty as charged but determined that termination was inappropriate. He assessed a penalty of $1. As part of the "remedy", he directed Pitts to arrange with her employer to work overtime three days per month which would be scheduled 30 days in advance.

Supreme Court, in this CPLR article 75 proceeding brought by petitioner to vacate the arbitration award, granted the petition insofar as it modified the arbitrator's decision by deleting the requirement that Pitts meet with the hospital to schedule three days of overtime per month, 30 days in advance. This appeal by respondent ensued.

Subsequent to the arbitrator's decision on this matter, Pitts was discharged due to further incidents of misconduct unrelated to the overtime charges. Petitioner's motion to dismiss this appeal as moot was denied by this court, without prejudice to the issue being raised on the argument of this appeal.

We find persuasive petitioner's argument that the appeal before this court is moot because neither Pitts nor the Rochester Psychiatric Center will be directly affected by the specific provision relating to scheduling of overtime for Pitts 30 days in advance. The "power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal" *(Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 713). The only party in interest here is Pitts, not respondent, as any arbitral determination could only affect Pitts. An employee is entitled to representation by respondent or by private counsel at every step of the disciplinary procedure. That Pitts elected to have respondent represent her interests does not make respondent a party in interest. It is relevant that the nature of this arbitration was a

disciplinary proceeding rather than a contract violation grievance proceeding in which construction of the contract provision is the core of the arbitration. The employee's misconduct and record of employment were the subject of this arbitration. As Pitts has been terminated for reasons unrelated to this appeal, a determination of this appeal cannot affect any rights of Pitts or of petitioner. The appeal is therefore moot.

We reject respondent's contention that this case represents an exception to the mootness doctrine, in that it involves a significant issue which is likely to arise in the future yet will evade review. Three factors must be present in order to find an exception to the mootness doctrine: "(1) a likelihood of repetition, either between the parties or among other members of the public; (2) a phenomenon typically evading review; and (3) a showing of significant or important questions not previously passed on, i.e., substantial and novel issues" *(Matter of Hearst Corp. v Clyne, supra,* at 714-715). All three factors must be present *(see, Matter of Anonymous [Boggs] v New York City Health & Hosps. Corp.,* 70 NY2d 972; *Matter of Savastano v Prevost,* 66 NY2d 47, 48 n).

While the problem is likely to recur at Rochester Psychiatric Center or at other facilities operated by petitioner, as many employees have child care responsibilities, this is not a phenomenon that typically evades review. Pitts' appeal is not foreclosed due to a termination related to the appeal at bar but because of other misconduct. Even if this appeal were decided in her favor, it would not provide reinstatement to her former job. Pitts' punishment for insubordination caused by her inability to work overtime did not cause the mootness here.

An employee's rights under the collective bargaining agreement cannot be extinguished by the employer terminating the employment *(Baker v Board of Educ.,* 70 NY2d 314). An employee may obtain judicial review of discharge after an arbitral decision despite termination *(see, Matter of Allen [New York State],* 53 NY2d 694). Moreover, section 33.3 of the collective bargaining agreement at issue provides that when the employer requests dismissal from service, the disciplinary procedure (which can culminate in arbitration) is available. Further, claims involving failure to comply with overtime assignments are specified by the agreement to be subject to the grievance procedure. Accordingly, if in the future another employee is disciplined for refusing to work overtime, the disciplinary arbitration procedure will be available, even if the employee is terminated.

Appeal dismissed, as moot, without costs. Weiss, J. P., Mikoll, Yesawich, Jr., Harvey and Mercure, JJ., concur.