■ JOSEPH M. MAROTTA, Appellant, v VILLAGE OF KEESEVILLE et al., Respondents.—Harvey, J. Appeal from an order of

the Supreme Court (Plumadore, J.), entered October 13, 1989 in Clinton County, which, *inter alia,* granted defendants' motion to dismiss the amended complaint for failure to state a cause of action.

Plaintiff commenced this declaratory judgment action seeking to have a resolution adopted by defendants, pertaining to eligibility requirements to receive funds from a Federal housing rehabilitation grant, declared unconstitutional. Following a motion by defendants for summary judgment, Supreme Court dismissed the complaint finding both that plaintiff lacked standing to bring the action and that the matter was, in any event, moot. This appeal by plaintiff followed.

We affirm. Although plaintiff's failure to complete the application process in this matter raises serious questions as to his standing to bring this action *(see, e.g., Axelrod v New York State Teachers' Retirement Sys.,* 154 AD2d 827, 828), it is unnecessary to reach the standing issue here because we agree with Supreme Court that the instant controversy is moot. While plaintiff commenced this action in the spring of 1986, the Federal funds which were the subject of this dispute were all disbursed as of May 9, 1988 and the government program was closed in June 1988. It is apparent that plaintiff could have pursued this matter more diligently or could have sought an injunction pending the declaration of the parties' rights *(see, e.g., Chrysler Realty Corp. v Urban Investing Corp.,* 100 AD2d 921), rather than waiting until the funds were disbursed and then subsequently asking for consequential monetary damages. Because the program is closed and no longer possesses any funds, any decision as to the underlying merits, if reached, would not directly affect the parties' rights or interests *(see, Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714; *Matter of State of New York [Office of Mental Health, Rochester Psychiatric Center] [Civil Serv. Employees Assn.],* 145 AD2d 788, 789-790).

Further, contrary to plaintiff's arguments on appeal, his purely speculative claim for alleged "lost profits" is wholly deficient *(see, e.g., 154 E. Park Ave. Corp. v City of Long Beach,* 76 Misc 2d 445, 451, *mod on other grounds* 49 AD2d 949, *affd* 52 NY2d 991, *cert denied* 454 US 858; *see also, Sam & Mary Hous. Corp. v Jo/Sal Mkt. Corp.,* 121 Misc 2d 434, 445, *mod on other grounds* 100 AD2d 901, *affd on mem below* 64 NY2d 1107) and, therefore, it cannot serve as a vehicle to escape the bar of mootness. Since we also find that the exception to the mootness doctrine does not apply here *(see, Matter of Hearst*

*Corp. v Clyne, supra,* at 714-715), the action was properly dismissed.

Order affirmed, with costs. Weiss, J. P., Mikoll, Levine, Mercure and Harvey, JJ., concur.