■ In the Matter of MICHAEL McGRATH, as Director of Inpatient Care for Park Ridge Hospital, Inc., Respondent.

■■■■■■■■■■■■■■■■

ROSEMARIE NOTO, Appellant. [667 NYS2d 550] —Appeal unanimously dismissed without costs. Memorandum: After a *Rivers* hearing (*Rivers v Katz*, 67 NY2d 485, *rearg denied* 68 NY2d 808), Supreme Court granted the application of petitioner, Michael McGrath, M.D., Director of Inpatient Care for Park Ridge Hospital, Inc., for permission to administer antipsychotic drugs to respondent without her consent. Because respondent is no longer a patient at Park Ridge Hospital, the appeal is moot. Respondent is no longer aggrieved by the order because she is no longer subject to the forcible administration of antipsychotic drugs at that facility (*see, Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 713; *Matter of Garcia v Soley*, 63 AD2d 981).

Respondent failed to show that this controversy falls within any recognized exception to the mootness doctrine. A case falls within an exception to the mootness doctrine where "three common factors [are present]: (1) a likelihood of repetition, either between the parties or among other members of the public; (2) a phenomenon typically evading review; and (3) a showing of significant or important questions not previously passed on, i.e., substantial and novel issues" (*Matter of Hearst Corp. v Clyne, supra*, at 714-715; *see, Matter of Schultz v State of New York*, 200 AD2d 936, 937, *appeal dismissed* 83 NY2d 905). Here, the issue whether the order authorizing involuntary medication is over-broad has no application outside this particular proceeding. It would be wholly speculative to assume that the exact facts at issue will be repeated in another case and will result in a similar order. Further, the issue is not one that typically evades review; a patient would be entitled to a *Rivers* hearing in any other proceeding where Park Ridge Hospital or any other facility seeks to medicate a patient without his or her consent. Finally, the issue does not present a substantial and novel issue; rather, it presents a typical *Rivers* issue. (Appeal from Order of Supreme Court, Monroe County, Ciaccio, J.—Mental Hygiene Law.) Present—Denman, P. J., Lawton, Wisner, Balio and Boehm, JJ.