◼ MAHMOOD YOONESSI et al., Appellants, v DEBRA L. GIVENS, Respondent. [910 NYS2d 801]—

Appeal from an order of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered November 19, 2009 in a personal injury action. The order denied the motion of plaintiffs to vacate an arbitration award and affirmed the arbitration award.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this personal injury action and thereafter stipulated to submit the matter to binding arbitration. They now appeal from an order of Supreme Court denying their motion seeking to vacate the award of the arbitrators and confirming the award. The arbitrators awarded plaintiff husband damages for past and future pain and suffering resulting from an automobile accident. Plaintiffs contend, however, that the award was indefinite and nonfinal because the arbitrators failed to render any decision with respect to the husband's economic loss or the derivative claim of his wife. We affirm. An arbitration award may be vacated if the court finds, inter alia, that the arbitrator "exceeded his [or her] power or so imperfectly executed it that a final and definite award upon the subject matter was not made" (CPLR 7511 [b] [1] [iii]). An award is indefinite or nonfinal within the meaning of the statute "only if it leaves the parties unable to determine their rights and obliga-

tions, if it does not resolve the controversy submitted or if it creates a new controversy" (*Matter of Meisels v Uhr*, 79 NY2d 526, 536 [1992]). Contrary to plaintiffs' contention, the arbitration award was final and definite. The arbitrators "dispose[d] of the controversy submitted" and, even if they failed to consider an award for economic loss or loss of consortium, that failure would be "a mere error of fact or law not judicially reviewable" (*Matter of Guetta [Raxon Fabrics Corp.]*, 123 AD2d 40, 45 [1987]).

Plaintiffs further contend that the arbitration proceeding was tainted by fraud on the part of a defense witness because the witness was not qualified to render an expert opinion and gave false testimony. We are unable to review that contention, however, because plaintiffs failed to submit a transcript of the arbitration proceeding (*see Vick v Albert*, 34 AD3d 331 [2006], *lv denied* 8 NY3d 805 [2007]; *Matter of City of Buffalo [Buffalo Police Benevolent Assn.]*, 13 AD3d 1202 [2004]). Present—Martoche, J.P., Centra, Carni, Lindley and Pine, JJ.