# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

686

CAF 10-02101

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, GORSKI, AND MARTOCHE, JJ.

---

IN THE MATTER OF JODI M. BEDWORTH-HOLGADO,
PETITIONER-APPELLANT,

V                                            MEMORANDUM AND ORDER

JOSEPH M. HOLGADO, RESPONDENT.
------------------------------------------
ALLEN & O'BRIEN, RESPONDENT.

---

MAUREEN A. PINEAU, ROCHESTER, FOR PETITIONER-APPELLANT.

STUART L. LEVISON, ROCHESTER, FOR RESPONDENT ALLEN & O'BRIEN.

---

Appeal from an order of the Family Court, Wayne County (Daniel G. Barrett, J.), entered September 13, 2010 in a proceeding pursuant to Family Court Act article 6. The order directed counsel for petitioner to pay attorneys' fees of $1,600 to respondent Allen & O'Brien.

It is hereby ORDERED that the order so appealed from is unanimously modified in the exercise of discretion by directing petitioner's attorney, Maureen A. Pineau, Esq., to pay respondent Allen & O'Brien the sum of $1,600 in attorneys' fees by July 22, 2011 and as modified the order is affirmed without costs.

Memorandum: This is an appeal from an order directing petitioner's attorney to pay attorneys' fees to respondent Allen & O'Brien pursuant to 22 NYCRR 130-1.1 (a). Family Court determined that petitioner's attorney engaged in frivolous conduct by serving a subpoena for Allen & O'Brien's client, a licensed clinical social worker (LCSW), to provide testimony regarding her knowledge of petitioner mother and respondent father. The court's order was stayed by this Court pending the appeal.

We conclude that the court properly set forth in writing "the conduct on which the . . . imposition [of attorneys' fees] is based, the reasons why the court found the conduct to be frivolous, and the reasons why the court found the amount . . . imposed to be appropriate" (22 NYCRR 130-1.2; cf. *Matter of Gigliotti v Bianco*, 82 AD3d 1636, 1638; *Ikeda v Tedesco*, 70 AD3d 1498, 1499). The court determined that the subpoena sought testimony protected by the privilege set forth in CPLR 4508 and thus that it was "completely without merit in law" (22 NYCRR 130-1.1 [c] [1]). The court further determined that the parents had an agreement with the LCSW that she would not testify for any purpose and that the parents had stipulated

on the record that the LCSW would not be required to testify at the hearing.  Inasmuch as there is no clear abuse of discretion, we will not disturb the court's determination that the conduct in question was frivolous and that it warranted the imposition of costs in the form of attorneys' fees (*see Grozea v Lagoutova*, 67 AD3d 611; *Pickens v Castro*, 55 AD3d 443).  We modify the order in the exercise of discretion, however, by directing petitioner's attorney to comply with the directive contained in the order by July 22, 2011, rather than the date set forth in the order, because that date has since passed.

Entered:  June 10, 2011                    Patricia L. Morgan
                                           Clerk of the Court