■ In the Matter of the Arbitration between CIVIL SERVICE
EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-
CIO, ONONDAGA LOCAL 834, SYRACUSE CITY School DISTRICT
UNIT 6, et al., Respondents, and BOARD OF EDUCATION OF SYRA-
CUSE CITY SCHOOL DISTRICT et al., Appellants. [19 NYS3d 831]—

Appeal from an order of the Supreme Court, Onondaga
County (James P. Murphy, J.), entered May 7, 2014 in a
proceeding pursuant to CPLR article 75. The order, inter alia,
granted the application to confirm an arbitration award.

It is hereby ordered that the order so appealed from is
unanimously modified on the law by vacating the award of at-
torneys' fees and as modified the order is affirmed without
costs.

Memorandum: Respondents in this CPLR article 75 proceed-
ing appeal from an order granting the application of petition-
ers to confirm an arbitration award in their favor, denying
respondents' cross motion to vacate the award, and directing
respondents to pay petitioners' attorneys' fees. The arbitrator
determined following a hearing that respondents had violated
the parties' collective bargaining agreement by terminating the
employment of Peter Ryan (petitioner) in July 2011 and, as a
remedy, the arbitrator directed respondents to reinstate
petitioner to his prior position, credit him with the seniority to
which he would have been entitled had his employment not
been wrongly terminated, and pay him "back pay for the salary
and other benefits [he] lost as a result of [his] improper
termination," retroactive to 30 days before he filed his griev-
ance.

Respondents contend that the award is not final and definite,
and thus subject to vacatur under CPLR 7511 (b) (1) (iii),
because the arbitrator did not specify whether respondents are
entitled to an offset based on funds petitioner received

following his termination from unemployment insurance and other employment. We reject that contention. An arbitration award is nonfinal or indefinite "only if it leaves the parties unable to determine their rights and obligations, if it does not resolve the controversy submitted or if it creates a new controversy" (*Matter of Meisels v Uhr*, 79 NY2d 526, 536 [1992]; *see Yoonessi v Givens*, 78 AD3d 1622, 1622-1623 [2010], *lv denied* 17 NY3d 718 [2011]). Here, the award sufficiently defined the parties' rights and obligations notwithstanding its failure to address the offset issue (*see Matter of Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO [State of New York]*, 223 AD2d 890, 891-892 [1996]). We note that there is no indication in the record that respondents asked the arbitrator for an offset at the hearing, and that, although the arbitrator retained jurisdiction "with respect to the remedy until April 1, 2013," which was approximately six weeks after the award was rendered, respondents did not seek clarification of the award before that date.

We conclude, however, that Supreme Court erred in awarding attorneys' fees to petitioners as a sanction for frivolous conduct without issuing a written decision setting forth the conduct on which the award is based and the reasons why the court found that conduct to be frivolous, as required by 22 NYCRR 130-1.2 (*see Matter of Bedworth-Holgado v Holgado*, 85 AD3d 1589, 1590 [2011]; *Matter of Gigliotti v Bianco*, 82 AD3d 1636, 1638 [2011]). We therefore modify the order by vacating the award of attorneys' fees. Present—Centra, J.P., Peradotto, Lindley, Valentino and Whalen, JJ.