# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1191**
**CA 15-00147**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF ARBITRATION BETWEEN CIVIL
SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL
1000, AFSCME, A.F.L.-C.I.O. ONONDAGA LOCAL
834, SYRACUSE CITY SCHOOL DISTRICT UNIT 6,
AND PETER RYAN, PETITIONERS-RESPONDENTS,

AND                                                    MEMORANDUM AND ORDER

BOARD OF EDUCATION OF SYRACUSE CITY SCHOOL
DISTRICT, HONORABLE PATRICIA BODY, PRESIDENT,
AND SHARON L. CONTRERAS, SUPERINTENDENT OF SCHOOLS,
RESPONDENTS-APPELLANTS.

---

FERRARA, FIORENZA, LARRISON, BARRETT & REITZ, P.C., EAST SYRACUSE
(CRAIG M. ATLAS OF COUNSEL), FOR RESPONDENTS-APPELLANTS.

D. JEFFREY GOSCH, SYRACUSE, FOR PETITIONERS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Onondaga County (James P. Murphy, J.), entered May 7, 2014 in a proceeding pursuant to CPLR article 75. The order, inter alia, granted the application to confirm an arbitration award.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the award of attorneys' fees and as modified the order is affirmed without costs.

Memorandum: Respondents in this CPLR article 75 proceeding appeal from an order granting the application of petitioners to confirm an arbitration award in their favor, denying respondents' cross motion to vacate the award, and directing respondents to pay petitioners' attorneys' fees. The arbitrator determined following a hearing that respondents had violated the parties' collective bargaining agreement by terminating the employment of Peter Ryan (petitioner) in July 2011 and, as a remedy, the arbitrator directed respondents to reinstate petitioner to his prior position, credit him with the seniority to which he would have been entitled had his employment not been wrongly terminated, and pay him "back pay for the salary and other benefits [he] lost as a result of [his] improper termination," retroactive to 30 days before he filed his grievance.

Respondents contend that the award is not final and definite, and thus subject to vacatur under CPLR 7511 (b) (1) (iii), because the arbitrator did not specify whether respondents are entitled to an

offset based on funds petitioner received following his termination from unemployment insurance and other employment.  We reject that contention.  An arbitration award is nonfinal or indefinite "only if it leaves the parties unable to determine their rights and obligations, if it does not resolve the controversy submitted or if it creates a new controversy" (*Matter of Meisels v Uhr*, 79 NY2d 526, 536; *see Yoonessi v Givens*, 78 AD3d 1622, 1622-1623, *lv denied* 17 NY3d 718).  Here, the award sufficiently defined the parties' rights and obligations notwithstanding its failure to address the offset issue (*see Matter of Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO [State of New York]*, 223 AD2d 890, 891-892).  We note that there is no indication in the record that respondents asked the arbitrator for an offset at the hearing, and that, although the arbitrator retained jurisdiction "with respect to the remedy until April 1, 2013," which was approximately six weeks after the award was rendered, respondents did not seek clarification of the award before that date.

We conclude, however, that Supreme Court erred in awarding attorneys' fees to petitioners as a sanction for frivolous conduct without issuing a written decision setting forth the conduct on which the award is based and the reasons why the court found that conduct to be frivolous, as required by 22 NYCRR 130-1.2 (*see Matter of Bedworth-Holgado v Holgado*, 85 AD3d 1589, 1590; *Matter of Gigliotti v Bianco*, 82 AD3d 1636, 1638).  We therefore modify the order by vacating the award of attorneys' fees.

Entered:  November 20, 2015                    Frances E. Cafarell
                                               Clerk of the Court