Matter of Arbitration Between Buffalo Teachers Fedn., Inc. (Board of Educ. of the Buffalo Pub. Schs.) (2020 NY Slip Op 00794)





Matter of Arbitration Between Buffalo Teachers Fedn., Inc. (Board of Educ. of the Buffalo Pub. Schs.)


2020 NY Slip Op 00794


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, TROUTMAN, AND WINSLOW, JJ.


1316 CA 19-00239

[*1]IN THE MATTER OF ARBITRATION BETWEEN BUFFALO TEACHERS FEDERATION, INC., PETITIONER-RESPONDENT-RESPONDENT, AND BOARD OF EDUCATION OF THE BUFFALO PUBLIC SCHOOLS, RESPONDENT-PETITIONER-APPELLANT.






BOND, SCHOENECK & KING, PLLC, ROCHESTER (BETHANY A. CENTRONE OF COUNSEL), FOR RESPONDENT-PETITIONER-APPELLANT.
ROBERT T. REILLY, BUFFALO (TIMOTHY CONNICK OF COUNSEL), FOR PETITIONER-RESPONDENT-RESPONDENT. 


 Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Tracey A. Bannister, J.), entered January 4, 2019 in a proceeding pursuant to CPLR article 75. The order and judgment granted the petition to confirm an arbitration award and denied the cross petition to vacate the arbitration award. 
It is hereby ORDERED that said appeal from the order and judgment insofar as it confirmed the second paragraph of the arbitration award is unanimously dismissed, and the order and judgment is modified on the law by denying the petition in part, granting the cross petition in part, and vacating the fourth paragraph of the award except to the extent that it prohibits respondent-petitioner from discriminating on the basis of union membership status, and as modified the order and judgment is affirmed without costs.
Memorandum: After hiring 16 teachers' aides in compliance with a prior arbitration award, respondent-petitioner (respondent) announced its intention to eliminate 5½ teaching positions for the 2017-2018 school year in order to offset the cost of hiring the teachers' aides. Petitioner-respondent (petitioner) filed a grievance seeking, inter alia, to prevent the elimination of the teaching positions on the ground that respondent's intended conduct was retaliatory. A temporary restraining order was issued preventing the elimination of the positions while the dispute was pending. After the 2017-2018 school year ended, the arbitrator issued an opinion and award that set forth the arbitration award in the last five paragraphs thereof, only two of which are at issue here. Petitioner then commenced this proceeding seeking to confirm the award, and respondent filed a cross petition seeking to vacate the award. Supreme Court granted the petition, denied the cross petition, and confirmed the award. Respondent appeals.
We dismiss as moot the appeal from the order and judgment insofar as it confirmed the second paragraph of the award, which directed respondent to "rescind its decision to eliminate . . . teaching positions . . . for the 2017-2018 school year." It is well established that "an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]; see Matter of State of New York [Office of Mental Health, Rochester Psychiatric Ctr.], 145 AD2d 788, 789 [3d Dept 1988]). Because the 2017-2018 school year has concluded, a determination in this appeal would have no effect on the parties' rights (see generally Office of Mental Health, Rochester Psychiatric Ctr., 145 AD2d at 790).
With respect to the fourth paragraph of the award, we agree with respondent that the [*2]arbitrator exceeded his authority by requiring respondent to make the elimination of teaching positions in accordance with the "School Based Development Guide" (Guide). An award may be vacated where an arbitrator, "in effect, made a new contract for the parties in contravention of [an] explicit provision of [the] arbitration agreement which denied [the] arbitrator power to alter, add to or detract from" the collective bargaining agreement (CBA) (Schiferle v Capital Fence Co., Inc., 155 AD3d 122, 126 [4th Dept 2017] [internal quotation marks omitted]; see Matter of Professional, Clerical, Tech., Empls. Assn. [Board of Educ. for Buffalo City Sch. Dist.], 103 AD3d 1120, 1122-1123 [4th Dept 2013], lv denied 21 NY3d 863 [2013]). Because the CBA does not require respondent to make its staffing or budgetary decisions in accordance with the Guide, the arbitrator contravened an express provision in the CBA that denied him the "authority to modify or amend it." Thus, we conclude that the court erred in confirming that part of the award requiring respondent to make the elimination of teaching positions in accordance with the Guide, and we therefore modify the order and judgment accordingly (see Matter of Buffalo Teachers Fedn., Inc. v Board of Educ. of City School Dist. of City of Buffalo, 50 AD3d 1503, 1505 [4th Dept 2008], lv denied 11 NY3d 708 [2008]).
Furthermore, respondent contends that the fourth paragraph of the award is nonfinal and indefinite insofar as it directs that "[a]ny future elimination of teaching positions at [the affected school] as a result of hiring teacher aides must be narrowly tailored to meet the economic needs of [respondent] and be applied in a [union] membership neutral manner." We agree in part. An award is nonfinal and indefinite if, inter alia, "it leaves the parties unable to determine their rights and obligations" (Matter of Meisels v Uhr, 79 NY2d 526, 536 [1992]; see Matter of Professional, Clerical, Tech. Empls. Assn. [Board of Educ. for Buffalo City Sch. Dist.], 162 AD3d 1479, 1480 [4th Dept 2018]). In our view, the foregoing language in the award is nonfinal and indefinite except to the extent that it prohibits respondent from discriminating on the basis of union membership status. Thus, we conclude that the court further erred in confirming that part of the award, and we therefore further modify the order and judgment accordingly (see Buffalo Teachers Fedn., Inc., 50 AD3d at 1505).
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court