Matter of Niagara Falls Captains & Lieutenants Assn. (City of Niagara Falls) (2023 NY Slip Op 01392)

Matter of Niagara Falls Captains & Lieutenants Assn. (City of Niagara Falls)

2023 NY Slip Op 01392

Decided on March 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, BANNISTER, MONTOUR, AND OGDEN, JJ.

110 CA 22-00430

[*1]NIAGARA FALLS CAPTAINS AND LIEUTENANTS ASSOCIATION, PETITIONER-APPELLANT, AND CITY OF NIAGARA FALLS, RESPONDENT-RESPONDENT.

THE TUTTLE LAW FIRM, CLIFTON PARK (JAMES B. TUTTLE OF COUNSEL), FOR PETITIONER-APPELLANT. 
BOND, SCHOENECK & KING, PLLC, BUFFALO (MICHAEL E. HICKEY OF COUNSEL), FOR RESPONDENT-RESPONDENT.

 Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered March 15, 2022. The order denied the petition to vacate an arbitration award and confirmed the award. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner, Niagara Falls Captains and Lieutenants Association, appeals from an order that denied petitioner's petition seeking to vacate an arbitration award denying petitioner's grievances and confirmed the award. Petitioner contends that the award should be vacated because it fails to meet the standards of finality and definiteness required by CPLR 7511 (b) (1) (iii). We reject that contention and affirm the order.
It is well settled that "judicial review of arbitration awards is extremely limited" (Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479 [2006], cert dismissed 548 US 940 [2006]). Nevertheless, "a court may vacate an arbitrator's award where it finds that the rights of a party were prejudiced when 'an arbitrator . . . exceeded his [or her] power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made' " (Barone v Haskins, 193 AD3d 1388, 1390 [4th Dept 2021], appeal dismissed 37 NY3d 1032 [2021], lv denied 37 NY3d 919 [2022], quoting CPLR 7511 [b] [1] [iii]). "An award is indefinite or nonfinal within the meaning of the statute 'only if it leaves the parties unable to determine their rights and obligations, if it does not resolve the controversy submitted or if it creates a new controversy' " (Yoonessi v Givens, 78 AD3d 1622, 1622-1623 [4th Dept 2010], lv denied 17 NY3d 718 [2011], quoting Matter of Meisels v Uhr, 79 NY2d 526, 536 [1992]; see Matter of Professional, Clerical, Tech. Empls. Assn. [Board of Educ. for Buffalo City Sch. Dist.], 162 AD3d 1479, 1480 [4th Dept 2018]).
Here, contrary to petitioner's contention, we conclude that the award sufficiently defined the parties' rights and obligations with respect to the controversy at issue, i.e., whether respondent, City of Niagara Falls, violated the parties' collective bargaining agreement (CBA) or past practice when it failed to immediately fill six specific vacancies (see Matter of Franco v Dweck, 165 AD3d 551, 552 [1st Dept 2018], lv denied 33 NY3d 903 [2019]; cf. Matter of Buffalo Teachers Fedn., Inc. [Board of Educ. of the Buffalo Pub. Schs.], 179 AD3d 1553, 1555 [4th Dept 2020]; Professional, Clerical, Tech. Empls. Assn., 162 AD3d at 1480; see generally Meisels, 79 NY2d at 536). Moreover, the "award did not leave any matter submitted by the parties open for future contention, and thus, it was definite and final" (Matter of Transport [*2]Workers Union of Greater N.Y., Local 100, AFL-CIO v New York City Tr. Auth., 151 AD3d 1067, 1068 [2d Dept 2017]; see Yoonessi, 78 AD3d at 1623; cf. Matter of Andrews v County of Rockland, 120 AD3d 1227, 1228-1229 [2d Dept 2014], lv dismissed 24 NY3d 1090 [2015]). The matter submitted by the parties concerned six specific alleged violations of the CBA or past practice, and the award finally and definitely resolved that matter, determining that respondent did not violate either the CBA or past practice when it filled the vacancies as soon as was reasonably possible (cf. Buffalo Teachers Fedn., Inc., 179 AD3d at 1555).
Petitioner contends that the determination that past practice required positions to be filled as soon as reasonably possible will create new controversies between the parties in the future inasmuch as there is no definition of what is reasonable. We reject that contention inasmuch as the award completely " 'dispose[d] of the controversy submitted' " (Yoonessi, 78 AD3d at 1623; cf. Buffalo Teachers Fedn., Inc., 179 AD3d at 1555), which was limited to three specific grievances involving six specific actions taken by respondent. The award fully resolved that controversy, denying the grievances and determining that the vacancies were filled in accordance with the past practice of filling vacancies as soon as reasonably possible. As noted, there was nothing "open for future contention" with respect to those three grievances (Transport Workers Union of Greater N.Y., Local 100, AFL-CIO, 151 AD3d at 1068) and, as a result, the award did not create any new controversy with respect to those specific grievances.
Entered: March 17, 2023
Ann Dillon Flynn
Clerk of the Court