Matter of Dill v Michael P. (2023 NY Slip Op 03158)

Matter of Dill v Michael P.

2023 NY Slip Op 03158

Decided on June 9, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, BANNISTER, AND OGDEN, JJ.

540 CA 22-00988

[*1]IN THE MATTER OF DANIELLE DILL, PSY.D., EXECUTIVE DIRECTOR OF CENTRAL NEW YORK PSYCHIATRIC CENTER, PETITIONER-RESPONDENT,
v
MICHAEL P., RESPONDENT-APPELLANT. 

TODD G. MONAHAN, LITTLE FALLS, FOR RESPONDENT-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (CHRISTOPHER LIBERATI-CONANT OF COUNSEL), FOR PETITIONER-RESPONDENT. 

 Appeal from an order of the Supreme Court, Oneida County (Louis P. Gigliotti, A.J.), entered May 19, 2022, in a proceeding pursuant to Mental Hygiene Law section 33.03. The order, inter alia, granted petitioner's application for authorization to administer medication to respondent over his objection. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: Respondent appeals from an order granting petitioner's application for authorization to administer medication to respondent over his objection. The order, inter alia, provided that "the [o]rder shall terminate" upon respondent's discharge from civil hospitalization. Because respondent has been discharged from civil hospitalization and transferred to a correctional facility, the order terminated by its own terms, rendering this appeal moot (see generally Matter of McGrath , 245 AD2d 1081, 1082 [4th Dept 1997]), and this case does not fall within the exception to the mootness doctrine (see id. ; see generally Matter of Hearst Corp. v Clyne , 50 NY2d 707, 714-715 [1980]).
Entered: June 9, 2023
Ann Dillon Flynn
Clerk of the Court