Matter of Upstate Univ. Hosp. v Jason L. (2023 NY Slip Op 04283)

Matter of Upstate Univ. Hosp. v Jason L.

2023 NY Slip Op 04283

Decided on August 11, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, AND BANNISTER, JJ.

541 CA 22-00787

[*1]IN THE MATTER OF UPSTATE UNIVERSITY HOSPITAL, PETITIONER-RESPONDENT,
v
JASON L., RESPONDENT-APPELLANT. 

ELIZABETH S. FORTINO, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, UTICA (JOSEPH M. BETAR OF COUNSEL), FOR RESPONDENT-APPELLANT. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (LAURA ETLINGER OF COUNSEL), FOR PETITIONER-RESPONDENT. 

 Appeal from an order of the Supreme Court, Onondaga County (Gerard J. Neri, J.), entered April 26, 2022. The order, inter alia, granted the petition to compel respondent to undergo medical treatment over his objection. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: Respondent, an individual who was struggling with homelessness and had a cast in place to treat a tibia fracture, was admitted to petitioner, a hospital, with a serious bacterial infection around the cast. After the cast was removed, respondent cooperated with antibiotic treatment of the infection. Respondent, however, required wound dressing, with which he cooperated only intermittently. Respondent was also diagnosed with bedbug and lice infestations that would require treatment. Although respondent consented to oral medication for the infestations, that treatment was unsuccessful, and respondent then refused the topical and shampoo treatments needed to remedy the infestation conditions. Respondent was referred for a psychiatric evaluation, which did not indicate a clear psychiatric diagnosis, and respondent remained in the medical unit. However, inasmuch as respondent denied the existence of his underlying medical conditions and did not understand the need for treatment, physicians determined that respondent lacked capacity to make treatment decisions regarding his wound care and infestations (see Public Health Law
§ 2994-c). Petitioner then located a surrogate decisionmaker, respondent's grandfather, who agreed that the proposed treatment was in respondent's best interests (see § 2994-d).
Petitioner, by order to show cause and verified petition, brought this proceeding pursuant to Public Health Law § 2994-r for an order finding that respondent lacked decision-making capacity and compelling respondent to undergo medical treatment over his objection. Mental Hygiene Legal Service (MHLS), in anticipation of petitioner's application, submitted a letter to Supreme Court advising that MHLS lacked jurisdiction to represent respondent in such a proceeding. MHLS asserted that its statutory jurisdiction did not extend to representation of patients in portions of a hospital that were not being operated for purposes of providing services to the mentally disabled. After considering the petition and MHLS's letter, the court signed the order to show cause, which directed a hearing and also appointed MHLS to represent respondent.
Following the hearing, during which petitioner withdrew its request for an order requiring that respondent undergo wound dressing changes because respondent's leg had healed in the interim, the court issued an order that, inter alia, ordered that respondent, over his objection and upon the consent of his surrogate decisionmaker, receive specified treatment for his bedbug and lice infestations. The Attorney General, who represents petitioner on appeal, advises us that, subsequent to the order, respondent received the bedbug and lice treatment, then required additional care after he experienced seizure disorder symptoms, and was ultimately discharged to [*2]the care of his grandfather. Respondent does not dispute in his brief on appeal that the treatment administered pursuant to the order has been completed. Respondent, still represented by MHLS, appeals from the order directing the administration of treatment over his objection.
MHLS, ostensibly on behalf of respondent on appeal, contends that the court, in the order to show cause, erred in appointing MHLS because it is an agency of limited jurisdiction and, insofar as respondent was never a patient in a mental hygiene facility under the applicable statutes and instead remained in the medical unit of the hospital, the appointment was not authorized by law. We agree with petitioner, however, that the nonfinal order appointing MHLS to represent respondent is not properly before us on this appeal.
A nonfinal order "may be reviewed on appeal from a final paper only if, pursuant to CPLR 5501 (a) (1), the nonfinal order 'necessarily affects' the final judgment" (Bonczar v American Multi-Cinema, Inc., 38 NY3d 1023, 1025 [2022], rearg denied 38 NY3d 1170 [2022]). The Court of Appeals has acknowledged that "[i]t is difficult to distill a rule of general applicability regarding the 'necessarily affects' requirement" (Siegmund Strauss, Inc. v East 149th Realty Corp., 20 NY3d 37, 41-42 [2012]), and that no attempt has been made to provide such a generally applicable definition (see Bonczar, 38 NY3d at 1025; Oakes v Patel, 20 NY3d 633, 644 [2013]). Nonetheless, the Court of Appeals has provided guidance in its case law, which helps resolve the issue presented here.
"[T]o determine whether a nonfinal order 'necessarily affects' the final judgment, in cases where the prior order 'str[uck] at the foundation on which the final judgment was predicated[,]' [the Court of Appeals] ha[s] inquired whether 'reversal would inescapably have led to a vacatur of the judgment' " (Bonczar, 38 NY3d at 1025, quoting Matter of Aho, 39 NY2d 241, 248 [1976]). Here, however, as petitioner correctly contends, "[t]his is not such a case" because the pre-hearing appointment of MHLS, as opposed to an order allowing private representation or appointment of counsel under any other applicable statute, does not strike at the foundation on which the post-hearing merits ruling was based such that reversal of the nonfinal appointment order would necessarily lead to vacatur of the final order (Bonczar, 38 NY3d at 1026).
"In other cases, [the Court of Appeals] ha[s] asked whether the nonfinal order 'necessarily removed [a] legal issue from the case' so that 'there was no further opportunity during the litigation to raise the question decided by the prior non-final order' " (id., quoting Siegmund Strauss, Inc., 20 NY3d at 43). As petitioner again correctly contends, the nonfinal order appointing MHLS here "did not remove any issues from the case" (id.); instead, the nonfinal order simply afforded respondent representation to assist him in opposing petitioner's petition seeking to compel the receipt of medical treatment over his objection.
As the Court of Appeals has further explained, the "necessarily affects" rule embodied in CPLR 5501 (a) (1) is to allow appellate review of a prior nonfinal order where "[t]he correctness of a final judgment may turn on the correctness of an intermediate non-final order[ ]" (Siegmund Strauss, Inc., 20 NY3d at 41). That is not the case here, however, because nothing about the correctness of the appointment order would necessarily affect the correctness of the final order following the hearing on the merits that was indisputably conducted by a court of appropriate jurisdiction and venue (cf. Aho, 39 NY2d at 248).
With respect to the only issue properly before us on appeal, respondent contends that petitioner failed to meet its burden on the petition and, although the disputed treatment has already been administered, his challenge should be reviewed because the exception to the mootness doctrine applies. We agree with petitioner, however, that the appeal should be dismissed as moot.
Inasmuch as it is undisputed that respondent received the ordered medical treatment and is no longer a patient at the hospital, and thus no longer subject to the order, the appeal has been rendered moot (see Matter of McGrath, 245 AD2d 1081, 1082 [4th Dept 1997]; see also Matter of McCulloch v Melvin H., 156 AD3d 1480, 1481 [4th Dept 2017], appeal dismissed 31 NY3d 927 [2018], lv denied 32 NY3d 902 [2018]; Matter of Russell v Tripp, 144 AD3d 1593, 1594 [4th Dept 2016]; Matter of Bosco [Quinton F.], 100 AD3d 1525, 1526 [4th Dept 2012]). Contrary to respondent's contention, this case does not fall within the exception to the mootness doctrine (see McCulloch, 156 AD3d at 1481; Russell, 144 AD3d at 1594; Bosco, 100 AD3d at [*3]1526; McGrath, 245 AD2d at 1082; see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]). Here, the issues raised by respondent challenging the evidence at the hearing and the relief granted in the final order "ha[ve] no application outside this particular proceeding" (McGrath, 245 AD2d at 1082). Indeed, "[i]t would be wholly speculative to assume that the exact facts at issue will be repeated in another case and will result in a similar order" (id.). Moreover, the issues here do not typically evade judicial review inasmuch as patients facing medical treatment over their objection are entitled to a hearing, and the issues are not substantial and novel (see id.).
Entered: August 11, 2023
Ann Dillon Flynn
Clerk of the Court