Matter of Upstate Univ. Hosp. v Bryant W. (2024 NY Slip Op 00697)

Matter of Upstate Univ. Hosp. v Bryant W.

2024 NY Slip Op 00697

Decided on February 9, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, NOWAK, DELCONTE, AND KEANE, JJ.

29 CA 23-00013

[*1]IN THE MATTER OF UPSTATE UNIVERSITY HOSPITAL, PETITIONER-RESPONDENT,
v
BRYANT W., RESPONDENT-APPELLANT. (APPEAL NO. 1.) 

ELIZABETH S. FORTINO, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, ROCHESTER (PATRICK T. CHAMBERLAIN OF COUNSEL), FOR RESPONDENT-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE OF COUNSEL), FOR PETITIONER-RESPONDENT. 

 Appeal from an order of the Supreme Court, Onondaga County (Robert E. Antonacci, II, J.), entered November 2, 2022. The order, inter alia, authorized the administration of medication to respondent. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: In appeal No. 1, respondent appeals from an order granting petitioner's application for an order continuing a prior order authorizing petitioner to administer medication to respondent over his objection and transferring such authority from petitioner to the Onondaga County Justice Center. In appeal No. 2, respondent appeals from an order denying his motion seeking leave to renew, inter alia, his opposition to petitioner's application. Because the order has since expired, we dismiss as moot the appeals from the orders in appeal Nos. 1 and 2 (see Matter of Russell v Tripp, 144 AD3d 1593, 1594 [4th Dept 2016]; see also Matter of Upstate Univ. Hosp. v Jason L., 219 AD3d 1147, 1150 [4th Dept 2023]; see generally People ex rel. Luck v Squires, 173 AD3d 1767, 1767 [4th Dept 2019]). Contrary to respondent's contention in both appeals, we conclude that the exception to the mootness doctrine does not apply (see Matter of McGrath, 245 AD2d 1081, 1082 [4th Dept 1997]; see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]).
Entered: February 9, 2024
Ann Dillon Flynn
Clerk of the Court