Matter of Melish v Rinne (2024 NY Slip Op 01657)

Matter of Melish v Rinne

2024 NY Slip Op 01657

Decided on March 22, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, NOWAK, AND KEANE, JJ.

255 CAF 23-01474

[*1]IN THE MATTER OF TARA J. MELISH, PETITIONER-APPELLANT,
v
JEFFREY J. RINNE, RESPONDENT-RESPONDENT. (APPEAL NO. 2.) 

TARA J. MELISH, PETITIONER-APPELLANT PRO SE.
JEFFREY J. RINNE, RESPONDENT-RESPONDENT PRO SE. 
MICHELE A. BROWN, BUFFALO, ATTORNEY FOR THE CHILDREN. 

 Appeal from an order of the Family Court, Erie County (Deanne M. Tripi, J.), entered August 31, 2023, in a proceeding pursuant to Family Court Act article 6. The order, among other things, dismissed the petition and denied petitioner's motion for permission for the subject children to accompany her on a sabbatical from November 26, 2023 to January 28, 2024. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: In appeal No. 2, petitioner mother appeals from an order that denied her motion seeking to enforce the sabbatical provision of the parties' custody agreement and allow her to take the parties' two children with her on her sabbatical to Barcelona, Spain, from November 26, 2023, through January 28, 2024, and dismissed her petition seeking the same relief. In appeal No. 1, the mother appeals from an order that dismissed the petition. Initially, we dismiss the appeal from the order in appeal No. 1 because that order is duplicative of the order in appeal No. 2 (see Matter of Machado v Tanoury, 142 AD3d 1322, 1322-1323 [4th Dept 2016]).
We agree with the father in appeal No. 2 that, because the period of time for which the mother sought permission to travel with the children expired during the pendency of this appeal, the mother's appeal has been rendered moot (see Matter of Fredericks v Ambrose, 100 AD3d 632, 632-633 [2d Dept 2012]; see generally Matter of Upstate Univ. Hosp. v Jason L., 219 AD3d 1147, 1150 [4th Dept 2023]). Contrary to the mother's contention, under the circumstances of this case, the exception to the mootness doctrine does not apply (see
generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]).
Entered: March 22, 2024
Ann Dillon Flynn
Clerk of the Court