Matter of Blossom V. (2024 NY Slip Op 04670)

Matter of Blossom V.

2024 NY Slip Op 04670

Decided on September 27, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, NOWAK, AND DELCONTE, JJ.

582 CA 23-01169

[*1]IN THE MATTER OF BLOSSOM., A PATIENT ADMITTED TO ST. JOSEPH'S HOSPITAL HEALTH CENTER, RESPONDENT-APPELLANT. NARAYANA REDDY, M.D., MEDICAL DIRECTOR, ST. JOSEPH'S HOSPITAL HEALTH CENTER, PSYCHIATRIC INPATIENT UNIT, PETITIONER-RESPONDENT. (APPEAL NO. 1.)

ELIZABETH S. FORTINO, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, UTICA (JOSEPH M. BETAR OF COUNSEL), FOR RESPONDENT-APPELLANT. 
COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (ROBERT W. CONNOLLY OF COUNSEL), FOR PETITIONER-RESPONDENT. 

 Appeal from an order of the Supreme Court, Onondaga County (Gerard J. Neri, J.), entered June 22, 2023, in a proceeding pursuant to Mental Hygiene Law article 9. The order, inter alia, granted the application of petitioner for temporary authorization of treatment of respondent over objection. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: In appeal No. 1, respondent appeals from an order granting, inter alia, petitioner's application for an order temporarily authorizing petitioner to administer medication to respondent over her objection until July 20, 2023. In appeal No. 2, respondent appeals from an order denying her motion seeking to have the proceedings in this Mental Hygiene Law article 9 matter conducted in person, rather than virtually.
We dismiss both appeals as moot. It is well settled that "an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]; see Matter of Buffalo Teachers Fedn., Inc. [Board of Educ. of the Buffalo Pub. Schs.], 179 AD3d 1553, 1554 [4th Dept 2020]). Here, the order in appeal No. 1 expired by its own terms on July 20, 2023. Thus, adjudication of the merits with respect to that appeal will not "result in immediate and practical consequences to the parties" (Coleman v Daines, 19 NY3d 1087, 1090 [2012]; see Matter of Upstate Univ. Hosp. v Bryant W., 224 AD3d 1340, 1341 [4th Dept 2024]). Similarly, both appeal No. 1 and appeal No. 2 must be dismissed as moot in light of respondent's discharge from involuntary hospitalization by petitioner (see Matter of Talbot V. [Kingsboro Psychiatric Ctr.], 192 AD3d 1123, 1124 [2d Dept 2021], affd 38 NY3d 1128 [2022]; Matter of Dill v Michael P., 217 AD3d 1431, 1431 [4th Dept 2023]). In short, these appeals are moot inasmuch as "[r]espondent is no longer aggrieved by [either] order because she is no longer subject to the forcible administration of . . . drugs" by petitioner (Matter of McGrath, 245 AD2d 1081, 1082 [4th Dept 1997]).
Contrary to respondent's contention in both appeals, we conclude that the exception to the mootness doctrine does not apply (see id.; see generally Hearst Corp., 50 NY2d at 714-715).
Entered: September 27, 2024
Ann Dillon Flynn
Clerk of the Court