Matter of Whitfield v New York State Off. of Professional Med. Conduct (2025 NY Slip Op 02254)

Matter of Whitfield v New York State Off. of Professional Med. Conduct

2025 NY Slip Op 02254

Decided on April 17, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 17, 2025

CV-24-0552
[*1]In the Matter of John Whitfield, Appellant,
v
New York State Office of Professional Medical Conduct, Respondent.

Calendar Date:February 10, 2025

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Powers, JJ.

John Whitfield, Brooklyn, appellant pro se.
Letitia James, Attorney General, Albany (Brian Lusignan of counsel), for respondent.

Aarons, J.P.
Appeals (1) from a judgment of the Supreme Court (Catherine Leahy-Scott, J.), entered November 3, 2023 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition, and (2) from an order of said court, entered February 1, 2024 in Albany County, which, among other things, upon reargument, adhered to its prior decision.
Petitioner filed a complaint, and subsequent addendum thereto, with respondent alleging numerous physicians and physician assistants at the hospital where his mother was being treated engaged in professional misconduct, including performing unauthorized and unwarranted surgery, that contributed to his mother's death. After investigating the complaint, respondent notified petitioner that there was insufficient evidence to bring charges of professional misconduct against any of the physicians or physician assistants and that the investigation was closed, with no further action anticipated. Thereafter, petitioner commenced this CPLR article 78 proceeding, claiming that respondent's determination was arbitrary and capricious and seeking an order directing further consideration and investigation into his complaint. Respondent submitted a pre-answer motion to dismiss the petition based upon a lack of standing and failure to state a cause of action. Supreme Court, finding that petitioner lacked standing, granted the motion and dismissed the petition. Petitioner thereafter moved to reargue and renew. Upon reconsideration, the court adhered to its prior decision. Petitioner appeals from the judgment granting the motion to dismiss the petition and the order adhering to the prior decision upon reconsideration.
We affirm. Standing to challenge an administrative action or inaction requires a party "to demonstrate that he or she has suffered an injury in fact that is both distinct from that of the general public and falls within the zone of interests or concerns sought to be promoted or protected by the statutory provision under which the agency has acted" (Davis v New York State Dept. of Educ., 96 AD3d 1261, 1262 [3d Dept 2012] [internal quotation marks, brackets and citation omitted]; see Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 772 [1991]). Here, petitioner alleges that he was injured by the death of his mother and alleged failure of the physicians and physician assistants to honor his statutory right under the Family Health Care Decision Act (see Public Health Law art 29-CC [hereinafter FHCDA]). That injury, however, cannot be attributable to respondent's discretionary determination to conclude its investigation into petitioner's complaint and not prefer charges against those who were investigated (see Davis v New York State Dept. of Educ., 96 AD3d at 1262). Complaints of professional misconduct do not confer standing upon a patient or the patient's surrogate to challenge the discretionary determination of a disciplinary body not to pursue disciplinary action (see [*2]Matter of Izzo New York State Dept. of Health, 134 AD3d 1514, 1515 [4th Dept 2015]; Matter of Davis v New York State Dept. of Educ., 96 AD3d at 1262; Matter of Morrow v Cahill, 278 AD2d 123, 123 [1st Dept 2000], appeal dismissed 96 NY2d 895 [2001]; Matter of Wade v Suffolk County Med. Socy., 88 AD2d 602, 602 [2d Dept 1982]). Further, petitioner's standing under the FHCDA to commence a special proceeding is irrelevant. Respondent's discretion to investigate allegations of professional misconduct is not a "matter arising under" the FHCDA (Public Health Law § 2994-r [1]; compare Matter of Upstate Univ. Hosp. v Jason L., 219 AD3d 1147, 1147-1148 [4th Dept 2023]; Matter of Maldonado v R.J., 93 AD3d 465, 466 [1st Dept 2012]).
We also find no error in Supreme Court adhering to its prior determination and rejecting petitioner's assertion in his motion to reargue that standing should be conferred in the interest of justice (see generally Matter of Association for a Better Long Is., Inc. v New York State Dept. of Envtl. Conservation, 23 NY3d 1, 6 [2014]). To the extent not specifically addressed, petitioner's remaining contentions are without merit.
Pritzker, Reynolds Fitzgerald, Ceresia and Powers, JJ., concur.
ORDERED that the judgment and the order are affirmed, without costs.